Sarah J. Parady
Lowrey Parady, LLC
1725 High Street
Denver, CO 80218
Phone: (303) 593-2595
Fax: (303) 502-9119
sarah@lowrey-parady.com

Christopher Young
YOUNG LAW OFFICE PLLC
P.O. Box 10247
Bozeman, MT 59719
Phone: (406) 587-2070
Fax: (866) 403-0847
cyoung@younglawofficepllc.com

David Seligman
Towards Justice
1410 High Street, Suite 300
Denver, CO 80218
Phone: (720) 239-2606
Fax: (303) 957-2289
david@towardsjustice.org
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BUTTE DIVISION**

NICHOLAS DOUGLAS;
TASHEKA BRYAN;
JUNIOR HARRIS;
MARCUS RICHARDS;
STEPHANEY SMITH; and those
similarly situated,

    Plaintiffs,

| | |
|---|---|
| YELLOWSTONE CLUB OPERATIONS, LLC; and HOSPITALITY STAFFING SOLUTIONS LLC, | CV 18-00062-SEH |
| Defendants. | **<u>UNOPPOSED</u> MOTION FOR STAY OF PROCEEDINGS DURING EQUAL EMPLOYMENT OPPORTUNITY COMMISSION INVESTIGATION** |

**CERTIFICATE OF COMPLIANCE PURSUANT TO L.R.7.1(c)(1)**

Counsel for Plaintiffs have conferred with counsel for Defendants Yellowstone Club Operations, LLC and Hospitality Staffing Solutions, LLC. Defendants do not oppose the relief requested herein.

## I. INTRODUCTION

Plaintiffs, black Jamaican citizens, were employed by Defendants to work at the Yellowstone Club as temporary non-immigrant H-2B visa workers in positions including cook, server, bartender and housekeeper during the winter of 2017-2018. As alleged in the Complaint, during their employment, Plaintiffs were not paid all wages owed to them and were paid disparately from white, non-Jamaican workers. Plaintiffs filed timely Charges of Discrimination against both Defendants on September 14, 2018 with the Equal Employment Opportunity Commission ("EEOC"), alleging that Defendants discriminated against them on the basis of

race, color, and national origin, in violation of Title VII of the Civil Rights Act of 1964, 29 U.S.C. § 2000e *et seq.* ("Title VII").  *See* Exhibit A, Date-Stamped Charges of Discrimination.[1]

Plaintiffs retained counsel between August 31 and September 10, 2018.  To prevent expiration of the 180-day statute of limitations for their wage claim under Montana law, MCA § 39-3-207(1), Plaintiffs filed their Complaint in this matter as quickly as possible, on September 20, 2018.  However, Plaintiffs could not include their Title VII claims in their Complaint, because these claims may not be filed in court until they receive Notices of Right to Sue from the EEOC at the conclusion of that agency's investigation of their claims.

If Plaintiffs are not ultimately able to litigate their Title VII claims in this proceeding, they may be precluded from doing so by the doctrine of claim preclusion, which prohibits litigating matters that could have been raised in a prior action but were not.  In addition, it will cost all parties additional time and money if discovery is extended or reopened to inquire into these additional claims.  Plaintiffs will therefore suffer prejudice if this case proceeds before they can amend their Complaint to add and litigate their Title VII claims.

Accordingly, Plaintiffs respectfully request that the Court stay proceedings

---

[1] The Charges against Yellowstone Club Operations, LLC have been assigned the following numbers:  Douglas Charge No. 541-2018-03338, Bryan Charge No. 541-2018-03339, Harris Charge No. 541-2018-03336, Richards Charge No. 541-2018-03334, and Smith Charge No. 541-2018-03342.  The Charges against Hospitality Staffing Solutions, LLC have been assigned the following numbers: Douglas Charge No. 541-2018-03337, Bryan Charge No. 541-2018-03340, Harris Charge No. 541-2018-03335, Richards Charge No. 541-2018-03333, and Smith Charge No. 541-2018-03341.

in this case until the EEOC issues them Notices of Right to Sue and they file a timely Motion to Amend the Complaint to include Title VII claims.

## II.　　ARGUMENT

### A. Standard of Review.

A district court has discretion to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A court should weigh "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Factors that may affect this balance include "(1) whether the stay would cause undue delay; (2) whether a party seeks only damages and not injunctive relief; (3) whether resolution of issues in the underlying action would assist in resolving the proceeding sought to be stayed; and (4) whether a stay is appropriate for the efficiency of the court's docket." *Liberty Corp. Capital Ltd. v. Animals of Montana, Inc.*, No. CV 14-54-BU-DWM-JCL, 2015 WL 12746049, at *2 (D. Mont. Mar. 3, 2015) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110-11 (9th Cir. 2005)).

### B. Plaintiffs Will Face a Severe Hardship—Loss of Their Title VII Claims—If A Stay Is Denied.

#### 1. Plaintiffs were required by statutes of limitation to file their wage claims before their Title VII claims could legally be filed.

Before filing suit on Title VII claims, a plaintiff must first exhaust his administrative remedies by filing a timely Charge with the Equal Employment Opportunity Commission. *Williams v. California*, 764 F.3d 1002, 1018 (9th Cir. 2014) (quotation omitted); 42 U.S.C. § 2000e-5(e)(1) (Title VII's exhaustion requirement). Plaintiffs' Title VII claims may not be filed in court until they receive Notices of Right to Sue ("NRTS") from the EEOC at the conclusion of that agency's investigation of their claims. *Ilaw v. Daughters of Charity Health Sys., Inc.*, 585 F. App'x 572 (9th Cir. 2014) (unpublished). Once each NRTS is received, Plaintiffs will then have 90 days in which to file their claims in court. *Id.*; 42 U.S.C. §§ 2000e-5(f)(1), 12117. At this point, investigation of Plaintiffs' claims is ongoing and no Notice of Right to Sue has been issued on any of their Charges or against any Defendant. *See* Ex. B, Declaration of Mary Jo Lowrey.

Plaintiffs were not able to wait for issuance of Notices of Right to Sue to file their Complaint, however, because the statutes of limitations for their claims of wage loss under Montana state law expired 180 days from when wages were lost. *See* MCA § 39-3-207(1).

## 2. Plaintiffs may be precluded from ever filing their Title VII claims if this action proceeds.

The doctrine of claim preclusion, or res judicata, "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quotation omitted). Claim preclusion bars a party from bring a claim if there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.* (quotation omitted). The Ninth Circuit has repeatedly recognized that staying proceedings pending exhaustion through the EEOC is proper and indeed, that if a plaintiff fails to seek a stay, her claims may be precluded. *Id.* at 714–15 ("Title VII claims are not exempt from the doctrine of res judicata where plaintiffs have neither sought a stay from the district court for the purpose of pursuing Title VII administrative remedies nor attempted to amend their complaint to include their Title VII claims."); *Ellis v. SmithKline Beecham Corp.*, 363 F. App'x 481, 482 (9th Cir. 2010) (dismissing complaint for discriminatory termination based on res judicata, where plaintiff did not seek a stay of prior employment case against employer to exhaust her administrative remedies for this additional claim and prior case was resolved).

If this case is adjudicated before Plaintiffs' Title VII claims can be added, any future attempt to bring those claims would likely be precluded. There would be a final judgment in this matter (element two), and any subsequent employment

discrimination suit would be between the same parties (element three). As for the first element, "to determine if there is an 'identity of claims,' [courts should] look to four factors . . . (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855 (9th Cir. 2016) (quotation omitted). Here, Plaintiffs' Title VII claims and their Section 1981 claims, pleaded in the Complaint, seek relief for the exact same infringement of their rights (*i.e.*, race discrimination in employment), arising from the same facts and the same evidence. *Compare* Ex. A, Charges of Discrimination, *with* Complaint, Doc. No. 1, at ¶¶ 66-90, 135-147; *see also Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008) ("When analyzing § 1981 claims, we apply "the same legal principles as those applicable in a Title VII disparate treatment case" (quotation omitted).)[2] Accordingly, there is a high risk that claim preclusion could bar litigating Plaintiffs' Title VII claims in a separate action if this case goes forward now.

---

[2] However, these claims are not identical, and Plaintiffs would be prejudiced by loss of their Title VII claims. For example, unlike Title VII, Section 1981 does not encompass claims premised on a racially disparate impact. *General Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982).

### C. The *Lockyer* Factors Support a Stay.

A stay will not cause undue delay. Plaintiffs' employment ended in spring of 2018, less than a year ago. Defendant Yellowstone Club's deadline to file its Answer is not until March 6, 2018, and Defendant HSS has not yet appeared.

The second *Lockyer* factor, whether injunctive relief is sought, is only appropriate to consider if it is the *defendant* that seeks a stay (because it would harm the plaintiff more to delay injunctive relief than to delay monetary relief). *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268-69 (9th Cir. 1962) (cited by *Lockyer*, 398 F.3d at 1110-11) (party *opposing* stay had only requested damages and would thus not be harmed by stay). This factor accordingly has no bearing on Plaintiffs' request.

Resolution of the EEOC investigation would assist in resolution of this case. The EEOC is expert in conducting discrimination investigations, and at the conclusion of its investigation, if it finds that discrimination occurs, the agency is also charged by Congress with attempting "to settle [the] dispute[] through conference, conciliation, and persuasion." *Occidental Life Ins. Co. of California v. E.E.O.C.*, 432 U.S. 355, 368 (1977). Allowing the agency investigation to proceed will allow the facts of the matter to be developed, and create an opportunity for resolution, without an expenditure of resources by the Court.

A stay is highly appropriate for the sake of the efficiency of the Court's docket. Even if Plaintiffs are able to amend their Complaint to add their Title VII claims at some time before a final judgment is reached in this matter, the parties and the court will expend substantial resources prior to that date conducting discovery and motions practice which in the absence of a stay may have to be repeated or extended when the additional claims are added. Alternately, if Plaintiffs are not able to add their Title VII claims in this suit and succeed in arguing that claim preclusion should *not* apply to a subsequent action, they will then be forced to pursue two successive actions which will be resolved separately, with a greater expenditure of resources than a single action. Thus, judicial economy alone supports this court's use of its discretion to grant a stay.

### III. CONCLUSION

In absence of a stay, Plaintiffs will suffer prejudice. Because of claim preclusion, Plaintiffs must bring their Title VII claims in this action or risk being barred from presenting those claims in the future. A stay while the EEOC proceedings are ongoing will ensure that Plaintiffs are not prejudiced in their ability to bring those claims, and will result in a more efficient and economic litigation of the case.

Accordingly, Plaintiffs request that this matter be stayed until issuance of Notices of Right to Sue and filing (which by statute must occur within 90 days of

receipt of Notice of Right to Sue) of a Motion to Amend the Complaint to add Title VII claims.

Respectfully submitted this 9th day of January, 2019.

*s/ Sarah Parady*
Sarah Parady

*s/ Christopher Young*
Christopher Young

*s/ David Seligman*
David Seligman
Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2019, I sent an electronic copy of the foregoing UNOPPOSED MOTION FOR STAY OF PROCEEDINGS PENDING EQUAL EMPLOYMENT OPPORTUNITY COMMISSION INVESTIGATION via CM/ECF or email as follows:

Roger Trim
Ogletree Deakins, Nash, Smoak & Stewart PC
2000 S. Colorado Blvd.
Tower 3, Suite 900
Denver, CO 80222
Via CM/ECF
*Attorney for Defendant Hospitality Staffing Solutions, LLC*

Jeff Roth
Mike Green
Crowley Fleck PLLP
900 N. Last Chance Gulch, Ste 200
Helena, MT 59601
Via Email: mgreen@crowleyfleck.com
Via Email: jroth@crowleyfleck.com
*Attorneys for Defendant Yellowstone Club Operations, LLC*

Christopher Young
YOUNG LAW OFFICE PLLC
P.O. Box 10247
Bozeman, MT 59719
Via CM/ECF
*Attorney for Plaintiff*

David Seligman
Towards Justice
1410 High Street, Suite 300
Denver, CO 80218
Via CM/ECF
*Attorney for Plaintiff*					/s/ Sarah Parady

							_____
							Sarah Parady