Roger G. Trim
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2000 S. Colorado Blvd.
Tower 3, Suite 900
Denver, CO 80222
Telephone: 303.764.6800
Facsimile: 303.831.9246
Email: roger.trim@ogletree.com

Attorneys for Defendant Hospitality Staffing Solutions, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| NICHOLAS DOUGLAS; TASHEKA BRYAN; JUNIOR HARRIS; MARCUS RICHARDS; STEPHANEY SMITH; and those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>YELLOWSTONE CLUB OPERATIONS, LLC; and HOSPITALITY STAFFING SOLUTIONS, LLC,<br><br>Defendants. | Case No. 2:18-cv-00062-SEH<br><br>**DEFENDANT HOSPITALITY STAFFING SOLUTIONS, LLC'S ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND** |

Defendant Hospitality Staffing Solutions, LLC ("Defendant HSS"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., provides the following responses to Plaintiffs' First Amended Class Action Complaint and Jury Demand ("Amended Complaint"). Subject to and without waiver of the defenses set forth herein, Defendant HSS responds to each correspondingly-numbered paragraph of Plaintiffs' Amended Complaint as follows using the headings included in Plaintiffs' Amended Complaint for purposes of reference only:

# "INTRODUCTION"

1. Defendant HSS admits that Plaintiffs are black Jamaican citizens who worked at Yellowstone Club in Montana as temporary workers during the 2017-2018 ski season on temporary non-immigrant H-2B visas. On information and belief, Defendant HSS admits that Yellowstone Club is exclusive and includes golf and ski facilities. Except as expressly admitted, Defendant HSS denies the allegations set forth in Paragraph 1 of the Amended Complaint.

2. Defendant HSS admits that Plaintiffs came to Montana to work at Yellowstone Club for the 2017-2018 ski season, and that Defendant Yellowstone was an employer of Plaintiffs. Except as expressly admitted, Defendant HSS denies the allegations set forth in Paragraph 2 of the Amended Complaint.

3. Defendant HSS admits that it was an employer of Plaintiffs in conjunction with Defendant Yellowstone Club. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 3 of the Amended Complaint.

4. Defendant HSS denies the allegations set forth in Paragraph 4 of the Amended Complaint.

5. Defendant HSS denies the allegations set forth in Paragraph 5 of the Amended Complaint

## "JURISDICTION AND VENUE"

6. Defendant HSS admits that this Court has jurisdiction over Plaintiffs' federal claims and that the Court may exercise supplemental jurisdiction over Plaintiffs' state law claims.

7. Defendant HSS admits that venue is proper.

## "ADMINISTRATIVE EXHAUSTION"

8. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of the Amended Complaint and therefore denies the same.

9. Defendant HSS admits that Plaintiffs filed Charges of Discrimination with the EEOC dated September 14, 2019, based on race, color and national origin discrimination against Hospitality Staffing Solutions, LLC (Douglas Charge No. 541-2018-03337, Bryan Charge No. 541-2018-03340, Harris Charge No. 541-2018-03335, Richards Charge No. 541-2018-03333, and Smith Charge No. 541-2018-03341). Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 9 of the Amended Complaint.

10. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 10 of the Amended Complaint and therefore denies the same.

11. Defendant HSS admits that the EEOC issued Notices of Right to Sue to Plaintiffs with respect to their Charges against HSS dated July 23, 2019, but lacks sufficient knowledge or information to admit or deny the allegations regarding when Plaintiffs received the notices.

12. Defendant HSS admits that Plaintiffs have administratively exhausted any Title VII claims that were timely filed with the EEOC and encompassed within the scope of Plaintiffs' EEOC charges. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 12 of the Amended Complaint.

### "PARTIES"

13. Defendant HSS admits that Plaintiffs are natural persons and that Plaintiffs, at all relevant times, were citizens of Jamaica. Defendant HSS also admits that Plaintiffs worked at Yellowstone Club in Montana during the 2017-2018 ski season. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 13 of the Amended Complaint.

14. Defendant HSS admits the allegations in Paragraph 14 of the Amended Complaint upon information and belief.

15. Defendant HSS admits the allegations in Paragraph 15 of the Amended Complaint.

## "STATEMENT OF FACTS"

## I. "Yellowstone Club Operations, LLC"

16. Defendant HSS admits the allegations in Paragraph 16 of the Amended Complaint upon information and belief.

17. Defendant HSS admits the allegations in Paragraph 17 of the Amended Complaint upon information and belief.

18. Defendant HSS admits the allegations in Paragraph 18 of the Amended Complaint upon information and belief.

19. Defendant HSS admits the allegations in Paragraph 19 of the Amended Complaint upon information and belief.

20. Defendant HSS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of the Amended Complaint and therefore denies the same.

21. Defendant HSS admits the allegations in Paragraph 21 of the Amended Complaint upon information and belief.

22. Defendant HSS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 22 of the Amended Complaint and therefore denies the same.

23. Defendant HSS admits the allegations in Paragraph 23 of the Amended Complaint upon information and belief.

24. Defendant HSS admits the allegations in Paragraph 24 of the Amended Complaint upon information and belief.

## II.  **"HSS"**

25. Defendant HSS admits that as part of its business operations, it provides staffing services to its clients and that it has operations in various states in the United States. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 25 of the Amended Complaint.

26. Defendant HSS admits the allegations in Paragraph 26 of the Amended Complaint.

27. Defendant HSS admits that its website has included the quoted language. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 27 of the Amended Complaint.

28. Defendant HSS admits it was hired by Yellowstone under a payroll and administrative services agreement to manage payroll and administrative services.  Defendant HSS admits that Jamaicans worked as cooks, bartenders, servers and housekeepers during the 2017-2018 ski season at Yellowstone.  Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 28 of the Amended Complaint.

### III. "Plaintiffs' Employment by Defendants"

29. Upon information and belief, Defendant HSS admits that Plaintiffs are black Jamaican citizens. Defendant HSS denies the existence of "those similarly situated." Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 29 of the Amended Complaint.

30. Defendant HSS admits the allegations in Paragraph 30 of the Amended Complaint upon information and belief.

31. On information and belief, Defendant HSS admits that Plaintiffs registered with the Jamaican Ministry of Labor to provide temporary labor in the United States under a non-immigrant visa. Defendant HSS denies the existence of "those similarly situated." Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 31 of the Amended Complaint.

32. Defendant HSS admits the allegations in Paragraph 32 of the Amended Complaint upon information and belief.

33. Defendant HSS admits that Defendant HSS and Yellowstone entered into a Services Agreement in or around the end of August or beginning of September 2017. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 33 of the Amended Complaint.

34. Defendant HSS admits that it participated in a recruiting event in Jamaica with Yellowstone Club in or around September 2017. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 34 of the Amended Complaint.

35. Defendant HSS admits the allegations in Paragraph 35 of the Amended Complaint upon information and belief.

36. Defendant HSS admits the allegations in Paragraph 36 of the Amended Complaint.

37. Defendant HSS admits the allegations in Paragraph 37 of the Amended Complaint.

38. Defendant HSS admits upon information and belief that some Yellowstone Club chefs may have been present. Defendant HSS also admits that Tim McPherson, CEO of Defendant HSS was present. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 38 of the Amended Complaint.

39. Defendant HSS denies the allegations in Paragraph 39 of the Amended Complaint.

40. Defendant admits that Tim McPherson is the CEO of Defendant HSS. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 40 of the Amended Complaint.

41. Defendant HSS admits that Tim McPherson is the CEO of Defendant HSS.

42. Defendant HSS admits the allegations in Paragraph 42 of the Amended Complaint.

43. Defendant HSS denies the allegations set forth in Paragraph 43 of the Amended Complaint.

44. Defendant HSS denies the allegations set forth in Paragraph 44 of the Amended Complaint.

45. Defendant HSS denies the allegations set forth in Paragraph 45 of the Amended Complaint.

46. Defendant HSS denies the allegations set forth in Paragraph 46 of the Amended Complaint.

47. Defendant HSS denies the allegations set forth in Paragraph 47 of the Amended Complaint.

48. Defendant HSS denies the allegations set forth in Paragraph 48 of the Amended Complaint.

49. Defendant HSS admits that interviews were conducted at the recruiting event in Jamaica. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 49 of the Amended Complaint

50. Defendant HSS admits the allegations set forth in Paragraph 50 of the Amended Complaint.

51. Upon information and belief, Defendant HSS admits that all of the workers selected during the recruiting event in Jamaica for temporary worker H-2B positions were black Jamaicans. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 51 of the Amended Complaint.

52. Defendant HSS admits the allegations set forth in Paragraph 52 of the Amended Complaint.

53. Defendant HSS admits the allegations set forth in Paragraph 53 of the Amended Complaint.

54. Defendant HSS admits the allegations set forth in Paragraph 54 of the Amended Complaint.

55. Defendant HSS admits the allegations set forth in Paragraph 55 of the Amended Complaint.

56. Defendant HSS admits the allegations set forth in Paragraph 56 of the Amended Complaint.

57. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 57 of the Amended Complaint and therefore denies the same.

58. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 58 of the Amended Complaint and therefore denies the same.

59. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 59 of the Amended Complaint and therefore denies the same.

60. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 60 of the Amended Complaint and therefore denies the same.

61. Defendant HSS admits that the documents attached to the Amended Complaint as Exhibits 1, 2, 3, and 4 list Yellowstone as the employer and that Exhibits 1 and 2 contain the word "tips" in Section G.  Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 61 of the Amended Complaint.

62. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 62 of the Amended Complaint and therefore denies the same.

63. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 63 of the Amended Complaint and therefore denies the same.

64. Defendant HSS admits that Plaintiffs left Jamaica for Yellowstone Club in November and/or December 2017.  Defendant HSS denies the existence of "those similarly situated."  Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 64 of the Amended Complaint.

65. Defendant HSS admits that Plaintiffs were aware that their temporary employment with Yellowstone would be managed in partnership with HSS. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 65 of the Amended Complaint.

66. Defendant HSS denies the allegations set forth in Paragraph 66 of the Amended Complaint.

67. Defendant HSS denies the allegations set forth in Paragraph 67 of the Amended Complaint.

68. Defendant HSS admits that its employee handbook includes the quoted language.  Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 68 of the Amended Complaint.

69. Defendant HSS admits that Plaintiffs signed offer letters describing Yellowstone as the employer with employment "managed in partnership with HSS."  Defendant HSS denies the existence of those "similarly

situated."  Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 69 of the Amended Complaint.

70. Defendant HSS admits that Yellowstone controlled the daily work of Plaintiffs and that Defendant HSS administered pay and administrative functions.  Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 70 of the Amended Complaint.

71. Defendant HSS admits upon information and belief that Yellowstone employees supervised Plaintiffs in their work each day.  Defendant HSS denies the existence of those "similarly situated."  Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 71 of the Amended Complaint.

72. Defendant HSS admits the allegations in Paragraph 72 upon information and belief.

73. Defendant HSS is without knowledge or information sufficient to admit or deny the allegations in Paragraph 73 of the Amended Complaint and therefore denies the same.

74. Defendant HSS admits that H-2B visa employers are required to pay wages in accordance with the H-2B program.  Defendant HSS denies the existence of those "similarly situated."  Except as expressly admitted herein,

Defendant HSS denies the allegations set forth in Paragraph 74 of the Amended Complaint.

75. Defendant HSS admits that H-2B visa employers are required to visa fees and transport fees in accordance with the H-2B program. Defendant HSS denies the existence of those "similarly situated." Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 75 of the Amended Complaint.

76. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 76 of the Amended Complaint and therefore denies the same.

77. Defendant HSS admits that it employed an account manager who assisted with pay and administrative services. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 77 of the Amended Complaint.

78. Defendant HSS admits that it provided Plaintiffs with an Open Door policy and an EEO policy and that Defendant HSS provided pay and administrative services under the services agreement entered into by Defendant HSS and Yellowstone. Defendant HSS expressly denies the existence of "those similarly situated." Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 78 of the Amended Complaint.

79. Defendant HSS admits that Yellowstone directed payments for Plaintiffs. Defendant HSS expressly denies the existence of "those similarly situated." Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 79 of the Amended Complaint.

80. Defendant HSS admits that Yellowstone directed HSS to pay season-end bonuses to some of the Plaintiffs. Defendant HSS expressly denies the existence of "those similarly situated." Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 80 of the Amended Complaint.

81. Defendant HSS denies the allegations set forth in Paragraph 81 of the Amended Complaint.

82. Defendant HSS admits that some of the Plaintiffs worked at Yellowstone until in or around late March or early April 2018. Defendant HSS expressly denies the existence of "those similarly situated." Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 82 of the Amended Complaint.

## IV. "Discrimination"

83. Defendant HSS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 83 of the Amended Complaint and therefore denies the same.

84. Defendant HSS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 84 of the Amended Complaint and therefore denies the same.

85. Defendant HSS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 85 of the Amended Complaint and therefore denies the same.

86. Defendant HSS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 86 of the Amended Complaint and therefore denies the same.

87. Defendant HSS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 87 of the Amended Complaint and therefore denies the same.

88. Defendant HSS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 88 of the Amended Complaint and therefore denies the same.

89. Defendant HSS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 89 of the Amended Complaint and therefore denies the same.

90. Defendant HSS denies the allegations set forth in Paragraph 90 of the Amended Complaint.

91. Defendant HSS denies the allegations set forth in Paragraph 91 of the Amended Complaint.

92. Defendant HSS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 92 of the Amended Complaint and therefore denies the same.

93. Defendant HSS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 93 of the Amended Complaint and therefore denies the same.

94. Defendant HSS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 94 of the Amended Complaint and therefore denies the same.

95. Defendant HSS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 95 of the Amended Complaint and therefore denies the same.

96. Defendant HSS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 96 of the Amended Complaint and therefore denies the same.

97. Defendant HSS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 97 of the Amended Complaint and therefore denies the same.

98. Defendant HSS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 98 of the Amended Complaint and therefore denies the same.

99. Defendant HSS denies the allegations set forth in Paragraph 99 of the Amended Complaint.

100. Defendant HSS denies the allegations set forth in Paragraph 100 of the Amended Complaint.

101. Defendant HSS denies the allegations set forth in Paragraph 101 of the Amended Complaint.

102. Defendant HSS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 102 of the Amended Complaint and therefore denies the same.

103. Defendant HSS denies the allegations set forth in Paragraph 103 of the Amended Complaint.

104. Defendant HSS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 104 of the Amended Complaint and therefore denies the same.

105. Defendant HSS denies the allegations set forth in Paragraph 105 of the Amended Complaint.

106. Defendant HSS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 106 of the Amended Complaint and therefore denies the same.

107. Defendant HSS lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 107 of the Amended Complaint and therefore denies the same.

108. Defendant HSS admits that during the ski season, some of the Plaintiffs and some of the other H-2B workers raised questions regarding their compensation. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 108 of the Amended Complaint.

109. Defendant HSS admits that during the ski season, there was a meeting between Tim McPherson and some of the H-2B workers regarding questions the H-2B workers had concerning their compensation. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 109 of the Amended Complaint.

110. Defendant HSS denies the allegations set forth in Paragraph 110 of the Amended Complaint.

111. Defendant HSS admits that during the ski season, there was a meeting between Tim McPherson, Sheldon Brown and some of the H-2B workers

regarding questions the H-2B workers had concerning their compensation. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 111 of the Amended Complaint.

112. Defendant HSS denies the allegations set forth in Paragraph 112 of the Amended Complaint.

113. Defendant HSS denies the allegation set forth in Paragraph 113 of the Amended Complaint.

114. Defendant HSS admits that some of the Plaintiffs and some of the other black Jamaican H-2B workers who worked at Yellowstone during the 2017-2018 ski season received a season-end bonus. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 114 of the Amended Complaint.

115. Defendant HSS admits that some deductions authorized by the employees were taken from some of the season-end bonuses. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 115 of the Amended Complaint.

116. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 116 of the Amended Complaint and therefore denies the same.

117. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 117 of the Amended Complaint and therefore denies the same.

118. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 118 of the Amended Complaint and therefore denies the same.

119. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 119 of the Amended Complaint and therefore denies the same.

120. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 120 of the Amended Complaint and therefore denies the same.

121. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 121 of the Amended Complaint and therefore denies the same.

122. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 122 of the Amended Complaint and therefore denies the same.

123. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 123 of the Amended Complaint and therefore denies the same.

124. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 124 of the Amended Complaint and therefore denies the same.

## V. "Defendants' Illegal Pay Practices"

125. Defendant HSS denies the allegations set forth in Paragraph 125 of the Amended Complaint.

### A. "Illegal Withholding of Tips, Service Charges or Other Gratuities (the "Tip Policy")"

126. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 126 of the Amended Complaint and therefore denies the same.

127. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 127 of the Amended Complaint and therefore denies the same.

128. Defendant denies the allegations in Paragraph 128 of the Amended Complaint.

129. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 129 of the Amended Complaint and therefore denies the same.

130. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 130 of the Amended Complaint and therefore denies the same.

131. Defendant HSS admits that certain service charges and tips are wages as defined by Montana law. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 131 of the Amended Complaint.

132. Defendant HSS admits that tips and service charges must be distributed in accordance with Montana law. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 132 of the Amended Complaint.

133. Defendant HSS denies the allegations in Paragraph 133 of the Amended Complaint.

134. Defendant HSS denies the allegations set forth in Paragraph 134 of the Amended Complaint.

## B. "Illegal Pay Deductions (the "Deduction Policy")"

135. Defendant HSS admits that Plaintiffs were provided housing. Defendant HSS denies the existence of "those similarly situated." Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 135 of the Amended Complaint.

136. Defendant HSS admits that some of the Plaintiffs had $75.00 per week, not to exceed $300 per month deducted for housing. Defendant HSS denies the existence of those "similarly situated." Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 136 of the Amended Complaint.

137. Defendant HSS denies the allegations set forth in Paragraph 137 of the Amended Complaint.

138. Defendant HSS admits that it made some deductions for damage to employer-provided housing. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 138 of the Amended Complaint.

## C. "Complaints"

139. Defendant HSS denies the allegations set forth in Paragraph 139 of the Amended Complaint.

140. Defendant HSS denies the allegations set forth in Paragraph 140 of the Amended Complaint.

141. Defendant HSS denies the allegations set forth in Paragraph 141 of the Amended Complaint.

## VI.     "RICO Allegations"

### A. "The Enterprise"

142. Defendant HSS denies the allegations set forth in Paragraph 142 of the Amended Complaint.

143. Defendant HSS denies the allegations set forth in Paragraph 143 of the Amended Complaint.

### B. "Racketeering Activities"

144. Defendant HSS denies the allegations set forth in Paragraph 144 of the Amended Complaint.

145. Defendant HSS denies the allegations set forth in Paragraph 145 of the Amended Complaint.

146. Defendant HSS denies the allegations set forth in Paragraph 146 of the Amended Complaint.

147. Defendant HSS denies the allegations set forth in Paragraph 147 of the Amended Complaint.

148. Defendant HSS denies the allegations set forth in Paragraph 148 of the Amended Complaint.

149. Defendant HSS denies the allegations set forth in Paragraph 149 of the Amended Complaint.

150. Defendant HSS denies the allegations set forth in Paragraph 150 of the Amended Complaint.

151. Defendant HSS denies the allegations set forth in Paragraph 151 of the Amended Complaint.

## **"RULE 23 CLASS ALLEGATIONS"**

152. Defendant HSS admits that Plaintiffs seek to allege their claims on behalf of a class but denies that Plaintiffs claims have any merit whatsoever and denies the existence of any "class". Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 152 of the Amended Complaint.

153. Defendant HSS denies the allegations set forth in Paragraph 153 of the Amended Complaint and expressly denies that any "class" exists or should be certified.

154. Defendant HSS denies the allegations set forth in Paragraph 154 of the Amended Complaint.

155. Defendant HSS denies the allegations set forth in Paragraph 155 of the Amended Complaint.

156. Defendant HSS denies the allegations set forth in Paragraph 156 of the Amended Complaint.

157. Defendant HSS denies the allegations set forth in Paragraph 157 of the Amended Complaint.

158. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 158 of the Amended Complaint and therefore denies the same.

159. Defendant HSS denies the allegations set forth in Paragraph 159 of the Amended Complaint.

160. Defendant HSS denies the allegations set forth in Paragraph 160 of the Amended Complaint.

161. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 161 of the Amended Complaint and therefore denies the same.

162. Defendant HSS lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 162 of the Amended Complaint and therefore denies the same.

163. Defendant HSS denies the allegations set forth in Paragraph 163 of the Amended Complaint.

164. Defendant HSS denies the allegations set forth in Paragraph 164 of the Amended Complaint.

165. Defendant HSS denies the allegations set forth in Paragraph 165 of the Amended Complaint.

## "COUNT I: CIVIL RICO, 18 U.S.C. 1964(c)"

166. Defendant HSS admits that Plaintiffs seek to assert claims on their own behalf and on behalf of a putative class, the existence of which Defendant HSS expressly denies, but Defendant denies that the claims asserted by Plaintiffs have any merit. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 166 of the Amended Complaint.

167. Defendant HSS denies the allegations set forth in Paragraph 167 of the Amended Complaint.

168. Defendant HSS denies the allegations set forth in Paragraph 168 of the Amended Complaint.

169. Defendant HSS denies the allegations set forth in Paragraph 169 of the Amended Complaint.

170. Defendant HSS denies the allegations set forth in Paragraph 170 of the Amended Complaint.

171. Defendant HSS denies the allegations set forth in Paragraph 171 of the Amended Complaint.

## "COUNT II: DISCRIMINATION BASED ON RACE AND NATIONAL ORIGIN PURSUANT TO 42 U.S.C. § 1981"

172. Defendant HSS admits that Plaintiffs seek to assert claims on their own behalf and on behalf of a putative class, the existence of which Defendant HSS expressly denies, but Defendant denies that the claims asserted by Plaintiffs have any merit. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 172 of the Amended Complaint.

173. Defendant HSS admits that Plaintiffs are black and Jamaican and that they may fall within the class protected by Section 1981 with respect to claims covered by Section 1981, which Defendant HSS denies have merit. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 173 of the Amended Complaint.

174. Defendant HSS admits that it is an employer as defined in Section 1981 and that Yellowstone is an employer as defined in Section 1981. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 174 of the Amended Complaint.

175. Defendant HSS admits that HSS and Yellowstone employed Plaintiffs. Defendant HSS denies the existence of "those similarly situated." Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 175 of the Amended Complaint.

176. Defendant HSS admits that it employed Plaintiffs under a payroll and administrative services agreement with Yellowstone. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 176 of the Amended Complaint.

177. Defendant HSS admits that Defendant HSS and Yellowstone were employers of Plaintiffs. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 177 of the Amended Complaint.

178. Defendant HSS denies the allegations set forth in Paragraph 178 of the Amended Complaint.

179. Defendant HSS denies the allegations set forth in Paragraph 179 of the Amended Complaint.

180. Defendant HSS denies the allegations set forth in Paragraph 180 of the Amended Complaint.

181. Defendant HSS denies the allegations set forth in Paragraph 181 of the Amended Complaint.

182. Defendant HSS denies the allegations set forth in Paragraph 182 of the Amended Complaint.

183. Defendant HSS denies the allegations set forth in Paragraph 183 of the Amended Complaint.

184. Defendant HSS denies the allegations set forth in Paragraph 184 of the Amended Complaint.

## "COUNT III: FAILURE TO PAY STATUTORILY REQUIRED WAGES PURSUANT TO MONT. CODE ANN. 39-3-210 ET SEQ."

185. Defendant HSS admits that Plaintiffs seek to assert claims on their own behalf and on behalf of a putative class, the existence of which Defendant HSS expressly denies, but Defendant denies that the claims asserted by Plaintiffs have any merit.  Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 185 of the Amended Complaint.

186. Defendant HSS denies the allegations set forth in Paragraph 186 of the Amended Complaint.

187. Defendant HSS denies the allegations set forth in Paragraph 187 of the Amended Complaint.

188. Defendant HSS denies the allegations set forth in Paragraph 188 of the Amended Complaint.

189. Defendant HSS denies the allegations set forth in Paragraph 189 of the Amended Complaint.

## "COUNT IV: FRAUD OR CONSTRUCTIVE FRAUD"

### All Named Plaintiffs and the Rule 23 Class vs. All Defendants

190. Defendant HSS admits that Plaintiffs seek to assert claims on their own behalf and on behalf of a putative class, the existence of which Defendant HSS expressly denies, but Defendant denies that the claims asserted by Plaintiffs have any merit. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 190 of the Amended Complaint.

191. Defendant HSS denies the allegations set forth in Paragraph 191 of the Amended Complaint.

192. Defendant HSS denies the allegations set forth in Paragraph 192 of the Amended Complaint.

193. Defendant HSS denies the allegations set forth in Paragraph 193 of the Amended Complaint.

194. Defendant HSS denies the allegations set forth in Paragraph 194 of the Amended Complaint.

195. Defendant HSS denies the allegations set forth in Paragraph 195 of the Amended Complaint.

196. Defendant HSS denies the allegations set forth in Paragraph 196 of the Amended Complaint.

197. Defendant HSS denies the allegations set forth in Paragraph 197 of the Amended Complaint.

198. Defendant HSS denies the allegations set forth in Paragraph 198 of the Amended Complaint.

199. Defendant HSS denies the allegations set forth in Paragraph 199 of the Amended Complaint.

## "COUNT V: NEGLIGENT MISREPRESENTATION"

### All Named Plaintiffs and the Rule 23 Class vs. All Defendants

200. Defendant HSS admits that Plaintiffs seek to assert claims on their own behalf and on behalf of a putative class, the existence of which Defendant HSS expressly denies, but Defendant denies that the claims asserted by Plaintiffs have any merit. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 200 of the Amended Complaint.

201. Defendant HSS denies the allegations set forth in Paragraph 201 of the Amended Complaint.

202. Defendant HSS denies the allegations set forth in Paragraph 202 of the Amended Complaint.

203. Defendant HSS denies the allegations set forth in Paragraph 203 of the Amended Complaint.

204. Defendant HSS denies the allegations set forth in Paragraph 204 of the Amended Complaint.

205. Defendant HSS denies the allegations set forth in Paragraph 205 of the Amended Complaint.

206. Defendant HSS denies the allegations set forth in Paragraph 206 of the Amended Complaint.

## "COUNT VI: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING"

**All Named Plaintiffs and the Rule 23 Class vs. All Defendants**

207. Defendant HSS admits that Plaintiffs seek to assert claims on their own behalf and on behalf of a putative class, the existence of which Defendant HSS expressly denies, but Defendant denies that the claims asserted by Plaintiffs have any merit. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 207 of the Amended Complaint.

208. Defendant HSS denies the allegations set forth in Paragraph 208 of the Amended Complaint.

209. Defendant HSS denies the allegations set forth in Paragraph 209 of the Amended Complaint.

210. Defendant HSS denies the allegations set forth in Paragraph 210 of the Amended Complaint.

211. Defendant HSS denies the allegations set forth in Paragraph 211 of the Amended Complaint.

## COUNT VI: DISPARATE TREATMENT BASED ON RACE AND NATIONAL ORIGIN PURSUANT TO TITLE VII

### All Named Plaintiffs and the Rule 23 Class vs. All Defendants

212. Defendant HSS admits that Plaintiffs seek to assert claims on their own behalf and on behalf of a putative class, the existence of which Defendant HSS expressly denies, but Defendant denies that the claims asserted by Plaintiffs have any merit. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 212 of the Amended Complaint.

213. Defendant HSS admits that Plaintiffs are black and Jamaican and that they may fall within the class protected by Title VII with respect to claims covered by Title VII, which Defendant HSS denies have merit. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 213 of the Amended Complaint.

214. Defendant HSS admits that Defendant HSS and Yellowstone are employers as defined in Title VII. Except as expressly admitted herein,

Defendant HSS denies the allegations set forth in Paragraph 214 of the Amended Complaint.

215. Defendant HSS admits that Defendant HSS and Yellowstone were employers of Plaintiffs. Defendant HSS denies the existence of "those similarly situated." Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 215 of the Amended Complaint.

216. Defendant HSS denies the allegations set forth in Paragraph 216 of the Amended Complaint.

217. Defendant HSS denies the allegations set forth in Paragraph 217 of the Amended Complaint.

218. Defendant HSS denies the allegations set forth in Paragraph 218 of the Amended Complaint.

219. Defendant HSS denies the allegations set forth in Paragraph 219 of the Amended Complaint.

220. Defendant HSS denies the allegations set forth in Paragraph 220 of the Amended Complaint.

221. Defendant HSS denies the allegations set forth in Paragraph 221 of the Amended Complaint.

222. Defendant HSS denies the allegations set forth in Paragraph 222 of the Amended Complaint.

223. Defendant HSS denies the allegations set forth in Paragraph 223 of the Amended Complaint.

224. Defendant HSS denies the allegations set forth in Paragraph 224 of the Amended Complaint.

## "COUNT VII: DISPARATE IMPACT BASED ON RACE AND NATIONAL ORIGIN PURSUANT TO TITLE VII"

### All Named Plaintiffs and the Rule 23 Class vs. All Defendants

225. Defendant HSS admits that Plaintiffs seek to assert claims on their own behalf and on behalf of a putative class, the existence of which Defendant HSS expressly denies, but Defendant denies that the claims asserted by Plaintiffs have any merit. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 225 of the Amended Complaint.

226. Defendant HSS admits that Plaintiffs are black and Jamaican and that they may fall within the class protected by Title VII with respect to claims covered by Title VII, which Defendant HSS denies have merit. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 226 of the Amended Complaint.

227. Defendant HSS admits that Defendant HSS and Yellowstone are employers as defined in Title VII. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 227 of the Amended Complaint.

228. Defendant HSS admits that Defendant HSS and Yellowstone were employers of Plaintiffs. Defendant HSS denies the existence of "those similarly situated." Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 228 of the Amended Complaint.

229. Defendant HSS denies the allegations set forth in Paragraph 229 of the Amended Complaint.

230. Defendant HSS denies the allegations set forth in Paragraph 230 of the Amended Complaint.

231. Defendant HSS denies the allegations set forth in Paragraph 231 of the Amended Complaint.

232. Defendant HSS denies the allegations set forth in Paragraph 232 of the Amended Complaint.

233. Defendant HSS denies the allegations set forth in Paragraph 233 of the Amended Complaint.

234. Defendant HSS denies the allegations set forth in Paragraph 234 of the Amended Complaint.

235. Defendant HSS denies the allegations set forth in Paragraph 235 of the Amended Complaint.

236. Defendant HSS denies the allegations set forth in Paragraph 236 of the Amended Complaint.

237. Defendant HSS denies the allegations set forth in Paragraph 237 of the Amended Complaint.

238. Defendant HSS denies the allegations set forth in Paragraph 238 of the Amended Complaint.

## **"COUNT VIII: BREACH OF FIDUCIARY DUTY"**

### **All Named Plaintiffs and the Rule 23 Class vs. YCO**

239. This allegation is asserted against Defendant Yellowstone only and not against Defendant HSS. To the extent a response is required from Defendant HSS, Defendant HSS denies the allegations set forth in Paragraph 239 of the Amended Complaint.

240. This allegation is asserted against Defendant Yellowstone only and not against Defendant HSS. To the extent a response is required from Defendant HSS, Defendant HSS denies the allegations set forth in Paragraph 240 of the Amended Complaint.

241. This allegation is asserted against Defendant Yellowstone only and not against Defendant HSS. To the extent a response is required from Defendant HSS, Defendant HSS denies the allegations set forth in Paragraph 241 of the Amended Complaint.

242. This allegation is asserted against Defendant Yellowstone only and not against Defendant HSS. To the extent a response is required from Defendant HSS, Defendant HSS denies the allegations set forth in Paragraph 242 of the Amended Complaint.

243. This allegation is asserted against Defendant Yellowstone only and not against Defendant HSS. To the extent a response is required from Defendant HSS, Defendant HSS denies the allegations set forth in Paragraph 243 of the Amended Complaint.

244. This allegation is asserted against Defendant Yellowstone only and not against Defendant HSS. To the extent a response is required from Defendant HSS, Defendant HSS denies the allegations set forth in Paragraph 244 of the Amended Complaint.

245. This allegation is asserted against Defendant Yellowstone only and not against Defendant HSS. To the extent a response is required from Defendant HSS, Defendant HSS denies the allegations set forth in Paragraph 245 of the Amended Complaint.

## "COUNT VIII: CONVERSION"

## All Named Plaintiffs and the Rule 23 Class vs. YCO

246. This allegation is asserted against Defendant Yellowstone only and not against Defendant HSS. To the extent a response is required from Defendant HSS, Defendant HSS denies the allegations set forth in Paragraph 246 of the Amended Complaint.

247. This allegation is asserted against Defendant Yellowstone only and not against Defendant HSS. To the extent a response is required from Defendant HSS, Defendant HSS denies the allegations set forth in Paragraph 247 of the Amended Complaint.

248. This allegation is asserted against Defendant Yellowstone only and not against Defendant HSS. To the extent a response is required from Defendant HSS, Defendant HSS denies the allegations set forth in Paragraph 248 of the Amended Complaint.

249. This allegation is asserted against Defendant Yellowstone only and not against Defendant HSS. To the extent a response is required from Defendant HSS, Defendant HSS denies the allegations set forth in Paragraph 249 of the Amended Complaint.

250. This allegation is asserted against Defendant Yellowstone only and not against Defendant HSS. To the extent a response is required from

Defendant HSS, Defendant HSS denies the allegations set forth in Paragraph 250 of the Amended Complaint.

251. This allegation is asserted against Defendant Yellowstone only and not against Defendant HSS. To the extent a response is required from Defendant HSS, Defendant HSS denies the allegations set forth in Paragraph 251 of the Amended Complaint.

252. This allegation is asserted against Defendant Yellowstone only and not against Defendant HSS. To the extent a response is required from Defendant HSS, Defendant HSS denies the allegations set forth in Paragraph 252 of the Amended Complaint.

## "COUNT IX: THIRD PARTY BENEFICIARY TO CONTRACT"

### All Named Plaintiffs and the Rule 23 Class vs. HSS

253. Defendant HSS admits that Plaintiffs seek to assert claims on their own behalf and on behalf of a putative class, the existence of which Defendant HSS expressly denies, but Defendant denies that the claims asserted by Plaintiffs have any merit. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 253 of the Amended Complaint.

254. Defendant HSS denies the allegations set forth in Paragraph 254 of the Amended Complaint.

255. Defendant HSS denies the allegations set forth in Paragraph 255 of the Amended Complaint.

256. Defendant HSS admits that Yellowstone paid season-end bonuses to some of the Plaintiffs for the 2017-2018 ski season. Except as expressly admitted herein, Defendant HSS denies the allegations set forth in Paragraph 256 of the Amended Complaint.

257. Defendant HSS admits that deductions as authorized by Plaintiffs were taken from some of their season-end discretionary bonuses. Defendant HSS denies the existence of those "similarly situated." Except as expressly admitted herein, Defendant HSS denies the allegations in Paragraph 257 of the Amended Complaint.

258. Defendant HSS denies the allegations set forth in Paragraph 258 of the Amended Complaint.

## "COUNT X: NEGLIGENCE PER SE FOR THEFT AND THEFT OF LABOR"

### All Named Plaintiffs and the Rule 23 Class vs. All Defendants

259. Defendant HSS admits that Plaintiffs seek to assert claims on their own behalf and on behalf of a putative class, the existence of which Defendant HSS expressly denies, but Defendant denies that the claims asserted by Plaintiffs have any merit. Except as expressly admitted herein, Defendant

HSS denies the allegations set forth in Paragraph 259 of the Amended Complaint.

260. Defendant HSS admits that the Montana Code prohibits theft and temporary use of labor or services by use of threat or deceit, as defined in the statute.

261. Defendant HSS denies the allegations set forth in Paragraph 261 of the Amended Complaint.

262. Defendant HSS denies the allegations set forth in Paragraph 262 of the Amended Complaint.

263. Defendant HSS denies the allegations set forth in Paragraph 263 of the Amended Complaint.

264. Defendant HSS denies the allegations set forth in Paragraph 264 of the Amended Complaint.

265. Defendant HSS denies the allegations set forth in Paragraph 265 of the Amended Complaint.

266. Defendant HSS denies the allegations set forth in Paragraph 266 of the Amended Complaint.

## DEMAND FOR JURY TRIAL

267. Defendant HSS admits that Plaintiffs request a trial by jury on all issues so triable.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

268. Defendant HSS denies the allegations set forth in Paragraph 268 of the
Amended Complaint, subparts (a) – (k), inclusive, and specifically denies
that Plaintiffs are entitled to any relief whatsoever.

Defendant HSS denies each and every allegation in the Amended Complaint
except as expressly admitted herein.

## AFFIRMATIVE DEFENSES

Defendant HSS asserts the following affirmative and other defenses without
assuming any burdens of production, persuasion, or proof that, pursuant to law, are
not legally assigned to Defendant HSS and are Plaintiffs' burden to prove.

1. Plaintiffs' Civil RICO claim fails to allege a pattern of racketeering activity;

2. No RICO enterprise existed between HSS and Yellowstone;

3. Federal and state anti-discrimination and wage and hour statutes, preempt
Plaintiffs' Civil RICO claim;

4. Plaintiffs' negligence per se claim for theft and theft of labor are predicated
on criminal statutes which provide no civil remedy and for which no civil
cause of action exists;

5. Plaintiffs' were neither an express nor implied third-party beneficiary to any
contract;

6. Plaintiffs' Montana wage claim fails because any deductions were made from discretionary bonuses which were not wages under Montana law;

7. Plaintiffs' Montana wage claim fails because, in accordance with their signed acknowledgements, they were not entitled to tips for their labor;

8. The implied covenant of good faith and fair dealing did not apply to Plaintiffs' employment relationship with HSS;

9. HSS owed no fiduciary duty to Plaintiffs;

10. Plaintiffs have not pled fraud with particularity;

11. To the extent that Plaintiffs' Title VII claims exceed the scope of or are inconsistent with the charges of discrimination Plaintiff filed with the EEOC, Plaintiffs have failed to exhaust their administrative remedies and their claims are barred.

12. To the extent that Plaintiffs seek to assert claims that arose more than 300 days before Plaintiffs filed charges of discrimination with the EEOC, Plaintiffs have failed to exhaust their administrative remedies and their Title VII claims are barred.

13. Plaintiffs' claims for wage deductions are barred by the doctrine of unclean hands.

14. Although Defendant denies that Plaintiff was exposed to a hostile work environment, Defendant exercised reasonable care to prevent and correct

promptly any harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

15. To the extent that Plaintiffs prove that their race or national origin was a substantial motivating factor in any employment decision affecting them, Defendant HSS will show that the same decision would have been reached regardless of Plaintiffs' protected characteristics, which will restrict Plaintiffs' recovery under Title VII as specified by 42 U.S.C. § 2000e-5(g)(2)(B).

16. Plaintiffs' claims for punitive damages under Title VII fail because Defendant HSS did not act with malice or reckless indifference to Plaintiffs' federally protected rights within the meaning of 42 U.S.C. § 1981a(b)(1).

17. Defendant HSS cannot be vicariously liable for punitive damages in light of its good faith efforts to comply with the anti-discrimination statutes at issue in this case.  *See Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999).

18. Any imposition of punitive damages in this case would contravene Defendant HSS's constitutional right to substantive and procedural due process of law under the Fifth Amendment of the Constitution of the United States.

19. Plaintiffs are barred from recovering damages to the extent he/she failed to mitigate his/her damages.

20. If any improper, illegal or discriminatory act was taken by any HSS employee against any Plaintiff, it was outside the course and scope of that employee's employment, contrary to Defendant HSS's policies, and was not ratified, confirmed or approved by Defendant HSS. Thus, any such actions cannot be attributed or imputed to Defendant HSS.

21. The named Plaintiffs lack standing to pursue some or all of the claims alleged in the First Amended Complaint on behalf of themselves or those they propose to represent.

22. For some or all the claims in the Amended Complaint, there is no claim appropriate for class action treatment.

23. For all the claims in the Amended Complaint, individual issues predominate over common issues, if any, for the alleged class.

24. The named Plaintiffs are not an adequate representatives of the alleged persons on whose behalf they purport to complain.

25. Certain of the Plaintiffs' interests are in conflict with the interests of the alleged persons on whose behalf they purport to complain, and so the Plaintiffs are not adequate representatives of those persons.

26. The claims alleged by the named Plaintiffs are neither common to nor typical of those, if any, pertaining to the alleged class Plaintiffs propose to represent.

27. The Plaintiffs have not shown and cannot show that class treatment of the claims alleged in the Amended Complaint is superior to other methods of adjudicating the controversy.

28. The claims of alleged individuals included in the proposed class are subject to individualized defenses, and class treatment would violate Defendant HSS's rights to due process and a jury trial.

29. HSS reserves the right to add or amend its defenses as discovery in this matter progresses

## DEFENDANT HSS'S PRAYER FOR RELIEF

WHEREFORE, having responded to the allegations of the Amended Complaint, Defendant HSS respectfully requests that:

(1) class certification be denied and notice not issue;

(2) that Plaintiffs take nothing and that their claims be dismissed with prejudice;

(3) that Defendant HSS recover its costs and attorney's fees, and

(4) that the Court grant Defendant HSS such other relief as the Court deems just and proper.

Respectfully submitted this 18th day of November, 2019.

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.


_s/ Roger G. Trim_____
Roger G. Trim
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2000 S. Colorado Blvd.
Tower 3, Suite 900
Denver, CO  80222
Telephone:     303.764.6800
Facsimile:      303.831.9246
Email: roger.trim@ogletree.com

ATTORNEYS FOR DEFENDANT
HOSPITALITY STAFFING SOLUTIONS,
LLC

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of November, 2019, I electronically filed the foregoing **DEFENDANT HOSPITALITY STAFFING SOLUTIONS, LLC'S ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND** with the Clerk of the Court using the CM/ECF system which will also send notification to the following counsel:

Christopher C. Young
cyoung@younglawofficepllc.com

David Seligman (*pro hac vice*)
david@towardsjustice.org

Sarah J. Parady (*pro hac vice*)
sarah@lowrey-parady.com

*s/ Lyndsay T. Oakes*
Lyndsay T. Oakes
Practice Assistant