Jeffrey M. Roth
John M. Semmens (Helena office)
CROWLEY FLECK PLLP
305 S. 4th Street E., Suite 100
Missoula, MT  59801
Telephone: (406) 523-3600
E-Mail: jroth@crowleyfleck.com
E-Mail: jsemmens@crowleyfleck.com

*Attorney for Defendant Yellowstone Club Operations, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| NICHOLAS DOUGLAS;<br>TASHEKA BRYAN;<br>JUNIOR HARRIS;<br>MARCUS RICHARDS;<br>STEPHANEY SMITH; and those<br>similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>YELLOWSTONE CLUB<br>OPERATIONS, LLC; and<br>HOSPITALITY STAFFING<br>SOLUTIONS LLC,<br><br>        Defendants. | CV 18-62-BU-SEH<br><br>**YCO'S ANSWER TO FIRST AMENDED CLASS COMPLAINT AND JURY DEMAND** |

Yellowstone Club Operations, LLC ("YCO") hereby submits its answer to

Plaintiffs' First Amended Class Action Complaint and Jury Demand (Doc. 20) in

the above-captioned matter.  The paragraph numbers used below correspond to those used in Plaintiffs' First Amended Complaint.  YCO's answer is timely, pursuant to Federal Rule of Civil Procedure 15(a)(3).

### Introduction

1.     Upon information and belief, YCO admits the factual allegations in the first sentence of ¶ 1.  YCO admits Plaintiffs provided temporary staffing services at the Yellowstone Club during the 2017-2018 winter season as employees of Hospitality Staff Solutions, LLC ("HSS"), pursuant to the express terms of a Staffing Services Contract that HSS drafted and YCO signed on August 31, 2017 ("the HSS Contract").  YCO further admits the Yellowstone Club is a private residential community located just north of Yellowstone National Park, near Big Sky, Montana.  YCO denies any remaining factual allegations in ¶ 1.

2.     YCO lacks sufficient knowledge or information sufficient to form a belief as to why Plaintiffs came to Montana, and YCO therefore denies all factual allegations in ¶ 2 on that basis.  YCO denies it made promises to Plaintiffs.  YCO affirmatively states YCO and the Yellowstone Club maintain "no tipping" policies.

3.     Paragraph 3 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 3, and denies all factual allegations in ¶ 3 on that basis. YCO denies it employed Plaintiffs.

4.      YCO denies it discriminated against Plaintiffs.  YCO lacks knowledge or information sufficient to form a belief as to what Plaintiffs "watched," and denies all such factual allegations in ¶ 4 on that basis.  YCO affirmatively states it employs a diverse workforce, including employees who are Black and/or Jamaican nationals.  Although YCO denies it employed Plaintiffs, YCO admits it pays YCO employees who have been employed for multiple seasons a higher hourly wage than entry-level YCO employees.  YCO affirmatively states YCO and the Yellowstone Club maintain "no tipping" policies.  YCO denies any remaining factual allegations in ¶ 4.

5.      Paragraph 5 contains legal conclusions, to which no response is required. YCO denies it made promises to Plaintiffs.  YCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in ¶ 5, and denies all remaining factual allegations in ¶ 5 on that basis.  YCO denies it employed Plaintiffs.

## Jurisdiction and Venue

6.      YCO admits the Court has jurisdiction over this matter.

7.      YCO admits venue is proper before the Court.  YCO admits it is registered to do business in Montana.  YCO denies all remaining factual allegations in ¶ 7.

## Administrative Exhaustion

8.      Paragraph 8 contains legal conclusions, to which no response is required. YCO admits Plaintiffs filed Charges of Discrimination against YCO with the Equal Employment Opportunity Commission ("EEOC"), the terms of which speak for themselves.  YCO affirmatively states the EEOC summarily dismissed Plaintiffs' Charges of Discrimination against YCO without substantiating any of Plaintiffs' allegations against YCO, or imposing any penalties on YCO.

9.      Paragraph 9 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 9, and denies all factual allegations in ¶ 9 on that basis.

10.     YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 10, and denies all factual allegations in ¶ 10 on that basis.

11.     YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 11, and denies all factual allegations in ¶ 11 on that basis.

12.     Paragraph 12 contains legal conclusions, to which no response is required. YCO denies any remaining factual allegations in ¶ 12.

## Parties

13.     Upon information and belief, YCO admits Plaintiffs are natural persons who are Jamaican citizens who resided and performed work in Montana during the portions of the 2017-18 winter season at Yellowstone Club.  YCO lacks knowledge or information sufficient to form a belief as to the truth of any remaining factual allegations in ¶ 13, and denies any remaining factual allegations in ¶ 13 on that basis.

14.     YCO admits that, in 2017 and 2018, YCO was a limited liability company incorporated under Montana law, with its principal place of business in Big Sky, Montana.  YCO denies all remaining factual allegations in ¶ 14.

15.     Upon information and belief, YCO admits the factual allegations in ¶ 15.

16.     YCO admits the Yellowstone Club is a private residential community located on 15,200 acres outside of Big Sky, Montana, whose amenities include skiing and golfing.

17.     In responding to Paragraph 17, YCO admits it provides staffing services to various other entities that own and operate the Yellowstone Club.  YCO denies it has subsidiaries or that its parent company owns or operates the Yellowstone Club. YCO denies all remaining factual allegations in ¶ 17.

18.    In responding to Paragraph 18, YCO admits it provides staffing services to various other entities that own and operate the Yellowstone Club.  YCO denies all remaining factual allegations in ¶ 18.

19.    YCO admits membership at the Yellowstone Club is subject to certain written requirements, the terms of which speak for themselves.  YCO denies any remaining factual allegations in ¶ 19.

20.    YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 20, and denies all factual allegations in ¶ 20 on that basis.

21.    YCO lacks knowledge or information sufficient to form a belief about the truth of what individuals Plaintiffs consider to be "notable," as alleged in ¶ 21, and denies the factual allegations in ¶ 21 on that basis.

22.    YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 22, and denies all factual allegations in ¶ 22 on that basis.

23.    YCO admits the Yellowstone Club operates seven restaurants located at the Yellowstone Club, which serve the Yellowstone Club's members and guests.  YCO denies the remaining factual allegations in ¶ 23.

24.     YCO admits it employs housekeepers who provide housekeeping services to some residences within Yellowstone Club.  YCO denies any remaining factual allegations in ¶ 24.

25.     Upon information and belief, YCO admits the factual allegation in ¶ 25.

26.     YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 26, and denies all factual allegations in ¶ 26 on that basis.

27.     YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 27, and denies all factual allegations in ¶ 27 on that basis.

28.     YCO admits it signed the HSS Contract, the terms of which speak for itself. YCO denies all factual allegations in ¶ 28 that are inconsistent with the terms of the HSS Contract.

29.     Paragraph 29 contains legal conclusions, to which no response is required. Upon information and belief, YCO admits Plaintiffs are Black Jamaicans.  YCO denies any remaining factual allegations in ¶ 29.

30.     YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 30, and denies all factual allegations in ¶ 30 on that basis.

31.     Paragraph 31 contains legal conclusions, to which no response is required.

YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 31, and denies all factual allegations in ¶ 31 on that basis.

32.    YCO admits YCO representatives attended an event in Jamaica in or around September 2017, which also was attended by representatives of the Jamaican Ministry of Labor.  YCO denies any remaining factual allegations in ¶ 32.

33.    YCO admits it signed the HSS Contract on August 31, 2017.  YCO denies any remaining factual allegations in ¶ 33.

34.    YCO denies the factual allegations in ¶ 34.

35.    YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 35, and denies all factual allegations in ¶ 35 on that basis.

36.    YCO admits Cindy McPheeters was YCO's Director of Human Resources in September 2017.  YCO denies all remaining factual allegations in ¶ 36.

37.    YCO denies the factual allegations in ¶ 37.

38.    Paragraph 38 contains legal conclusions, to which no response is required. YCO admits YCO representatives attended an event held in Jamaica in or around September 2017.  YCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in ¶ 38, and denies the remaining factual allegations in ¶ 38 on that basis.

39.     YCO denies Tim McPherson wore clothes with YCO's logo on them, as alleged in ¶ 39.  YCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in ¶ 39, and denies all remaining factual allegations in ¶ 39 on that basis.

40.     YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 40, and denies all factual allegations in ¶ 40 on that basis.

41.     YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 41, and denies all factual allegations in ¶ 41 on that basis.

42.     YCO admits Cindy McPheeters briefly spoke at an event held in Jamaica in or around September 2017.  YCO denies all remaining factual allegations in ¶ 42.

43.     YCO denies the specific factual allegations in ¶ 43 but generally represents that it is a desirable place to work.

44.     YCO denies the specific factual allegations in ¶ 44 but generally represents that it is a desirable place to work.

45.     YCO lacks knowledge or information sufficient to form a belief as to the truth of the allegation in ¶ 45 that tips and gratuities are generally available in Jamaica, and denies all such factual allegations in ¶ 45 on that basis.  YCO denies

the remaining factual allegations in ¶ 45. YCO affirmatively states YCO and the Yellowstone Club maintain "no tipping" policies.

46.   YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 46, and denies all factual allegations in ¶ 46 on that basis.

47.   YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 47, and denies all factual allegations in ¶ 47 on that basis.

48.   YCO denies the factual allegations in ¶ 48.

49.   YCO admits the factual allegations in ¶ 49.

50.   YCO denies the factual allegations in ¶ 50.

51.   Upon information and belief, YCO admits each HSS employee who provided temporary staffing services at YCO during the 2017-2018 winter season was a Black Jamaican. YCO denies any remaining factual allegations in ¶ 51.

52.   Upon information and belief, YCO admits HSS employed Plaintiff Douglas as a cook.

53.   Upon information and belief, YCO admits HSS employed Plaintiff Bryan as a bartender.

54.   Upon information and belief, YCO admits HSS employed Plaintiff Harris as a server.

55.     Upon information and belief, YCO admits HSS employed Plaintiff Richards as a server.

56.     Upon information and belief, YCO admits HSS employed Plaintiff Smith as a housekeeper.

57.     YCO denies the factual allegations in ¶ 57.

58.     Paragraph 58 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 58, and denies all factual allegations in ¶ 58 on that basis.

59.     YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 59, and denies all factual allegations in ¶ 59 on that basis.

60.     YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 60, and denies all factual allegations in ¶ 60 on that basis.

61.     Paragraph 61 references discrete documents, the terms of which speak for themselves.  YCO denies the factual allegations in ¶ 61 to the extent they conflict with the documents at issue.  YCO denies it promised tips to Plaintiffs.  YCO affirmatively states YCO and the Yellowstone Club maintain "no tipping" policies.

62.     YCO admits the factual allegations in ¶ 62.

63.     YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 63, and denies all factual allegations in ¶ 63 on that basis.

64.     Paragraph 64 contains legal conclusions, to which no response is required. Upon information and belief, YCO admits Plaintiffs left Jamaica and traveled to Montana to begin providing temporary staffing services at YCO as HSS employees at the end of November or early December 2017.

65.     Paragraph 65 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 65, and denies all factual allegations in ¶ 65 on that basis.

66.     Paragraph 66 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 66, and denies all factual allegations in ¶ 66 on that basis.  YCO affirmatively states that HSS did provide an orientation to Plaintiffs when they first arrived in Montana, and HSS did supervise Plaintiffs, as required by the HSS Contract.

67.     Paragraph 67 contains legal conclusions, to which no response is required. YCO admits HSS employed Plaintiffs, as established by the HSS Contract.  YCO lacks knowledge or information sufficient to form a belief as to the truth of the

remaining factual allegations in ¶ 67, and denies all remaining factual allegations in ¶ 67 on that basis. YCO affirmatively states the HSS Contract did obligate HSS to provide its own employee policies and procedures to HSS's employees who provided temporary staffing services at YCO, including Plaintiffs.

68.    Paragraph 68 appears to quote a discrete document, the terms of which speak for itself. YCO denies the factual allegations in ¶ 68 to the extent they actually conflict with the document in question. YCO admits HSS employed Plaintiffs, as established by the HSS Contract.

69.    Paragraph 69 contains legal conclusions, to which no response is required. Paragraph 69 appears to quote discrete documents, the terms of which speak for itself. YCO denies the factual allegations in ¶ 69 to the extent they actually conflict with the documents in question. YCO admits HSS employed Plaintiffs, as established by the HSS Contract.

70.    Paragraph 70 contains legal conclusions, to which no response is required. YCO admits HSS employed Plaintiffs, as established by the HSS Contract. YCO denies all remaining factual allegations in ¶ 70.

71.    Paragraph 71 contains legal conclusions, to which no response is required. YCO denies the factual allegations in ¶ 71. YCO affirmatively states that, per the express terms of the HSS Contract, HSS supervised Plaintiffs.

72.     YCO admits it set daily schedules for HSS employees who provided temporary staffing services at the Yellowstone Club during the 2017-2018 winter season at HSS.  YCO further admits that those schedules typically referenced worksite assignments.  YCO denies the remaining factual allegations in ¶ 72.

73.     YCO admits some HSS employees complained to Cindy McPheeters about their employment with HSS, and Mrs. McPheeters referred those complaints to HSS.  YCO admits Cindy McPheeters spoke to a limited number of HSS employees about returning the following winter season.  YCO denies the remaining factual allegations in ¶ 73.

74.     Paragraph 74 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 74.

75.     Paragraph 75 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 75.

76.     Paragraph 76 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 76.

77.     YCO admits HSS had agents on site at the Yellowstone Club, as required by the HSS Contract.  YCO admits HSS provided pay and human resources services for HSS' employees, including Plaintiffs, as required by the terms of the HSS Contract.  YCO denies any remaining factual allegations in ¶ 77.

78.     Paragraph 78 contains legal conclusions, to which no response is required.

YCO admits HSS employed Plaintiffs, as established by the HSS Contract.  YCO

lacks knowledge or information sufficient to form a belief as to the truth of the

remaining factual allegations in ¶ 78, and denies all remaining factual allegations

in ¶ 78 on that basis.

79.     Paragraph 79 contains legal conclusions, to which no response is required.

YCO admits HSS employed and paid Plaintiffs.  YCO denies it directed HSS'

hourly wage payments to Plaintiffs.  YCO denies any remaining factual allegations

in ¶ 79.

80.     Paragraph 80 contains legal conclusions, to which no response is required.

YCO admits it directed HSS to make an end-of-season payment to Plaintiffs out of

a service charge pool associated with the temporary staffing services Plaintiffs

provided at YCO as HSS employees during the 2017-2018 winter season, and as

expressly permitted by the HSS Contract.  YCO denies any remaining factual

allegations in ¶ 80.

81.     Paragraph 81 contains legal conclusions, to which no response is required.

YCO denies any factual allegations in ¶ 81.

82.     Paragraph 82 contains legal conclusions, to which no response is required.

YCO admits Plaintiffs provided temporary staffing services at YCO as HSS

employees until late March or April of 2018. YCO denies it employed Plaintiffs. YCO denies any remaining factual allegations in ¶ 82.

83.    Paragraph 83 contains legal conclusions, to which no response is required. YCO denies it employed Plaintiffs. Upon information and belief, YCO admits the HSS employees who provided temporary staffing services at YCO during the 2017-2018 winter season were Black Jamaicans.

84.    YCO denies the factual allegation in ¶ 84.

85.    Paragraph 85 contains legal conclusions, to which no response is required. YCO denies it employed Plaintiffs, or any other HSS employees. YCO denies the remaining factual allegations in ¶ 85. YCO affirmatively states it employs a diverse workforce.

86.    Paragraph 86 contains legal conclusions, to which no response is required. YCO denies it employed Plaintiffs, or any other HSS employees. YCO admits it employed at least one Jamaican national during the 2017-2018 winter season.

87.    Paragraph 87 contains legal conclusions, to which no response is required. YCO denies it employed Plaintiffs, or any other HSS employees. YCO denies the remaining factual allegations in ¶ 87.

88.    Paragraph 88 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of

how HSS paid its employees, as alleged in ¶ 88, and denies all remaining factual allegations in ¶ 88 on that basis.

89.     YCO denies the factual allegations in ¶ 89.

90.     YCO denies it employed or paid Plaintiffs.  YCO affirmatively states HSS employed and paid Plaintiffs, as required by the HSS Contract.  YCO denies all remaining factual allegation in ¶ 90.

91.     YCO denies it employed or paid Plaintiffs, or any other HSS employees. YCO lacks knowledge or information sufficient to form a belief as to the truth of how HSS paid its employees, as alleged in ¶ 91, and denies all remaining factual allegations in ¶ 91 on that basis.  YCO affirmatively states HSS employed and paid Plaintiffs.  YCO affirmatively states YCO and the Yellowstone Club maintain "no tipping" policies.

92.     YCO denies HSS employees were supposed to receive a percentage of revenue for food and drink they served while providing temporary staffing services at YCO.  YCO admits YCO employees did receive service charge distributions, regardless of race, consistent with the YCO employees' service charge distribution agreements.  YCO denies any remaining factual allegations in ¶ 92.  YCO affirmatively states YCO and the Yellowstone Club maintain "no tipping" policies.

93.     YCO denies HSS employees were supposed to receive a percentage of revenue for food and drink they served while providing temporary staffing services

at YCO.  YCO admits YCO employees did receive service charge distributions, regardless of race, consistent with the YCO employees' service charge distribution agreements.  YCO denies any remaining factual allegations in ¶ 93.  YCO affirmatively states YCO and the Yellowstone Club maintain "no tipping" policies.

94.     YCO denies the factual allegations in ¶ 94.

95.     YCO denies HSS employees were supposed to receive a percentage of revenue for food and drink they served while providing temporary staffing services at YCO.  YCO admits YCO employees did receive service charge distributions, regardless of race, consistent with the YCO employees' service charge distribution agreements.  YCO denies any remaining factual allegations in ¶ 95.  YCO affirmatively states YCO and the Yellowstone Club maintain "no tipping" policies.

96.     YCO denies it employed or paid Plaintiffs, or any other HSS employees. YCO lacks knowledge or information sufficient to form a belief as to the truth of how HSS paid its employees, as alleged in ¶ 96, and denies all factual allegations in ¶ 96 on that basis.  YCO affirmatively states YCO and the Yellowstone Club maintain "no tipping" policies.

97.     YCO denies all factual allegations in ¶ 97.  YCO affirmatively states YCO and the Yellowstone Club maintain "no tipping" policies.

98.     YCO denies all factual allegations in ¶ 98.  YCO affirmatively states YCO and the Yellowstone Club maintain "no tipping" policies.

99.    YCO denies it employed or paid Plaintiffs, or any other HSS employees. YCO denies all remaining factual allegations in ¶ 99.

100.   YCO denies it employed or paid Plaintiffs, or any other HSS employees. YCO denies all remaining factual allegations in ¶ 100.  YCO affirmatively states YCO and the Yellowstone Club maintain "no tipping" policies.

101.   YCO denies it employed or paid Plaintiffs, or any other HSS employees. YCO denies all remaining factual allegations in ¶ 101.

102.   YCO denies it employed or paid Plaintiffs, or any other HSS employees. YCO denies all remaining factual allegations in ¶ 102.

103.   Paragraph 103 contains legal conclusions, to which no response is required. YCO denies it employed or paid Plaintiffs, or any other HSS employees.  YCO denies all remaining factual allegations in ¶ 103.  YCO affirmatively states YCO and the Yellowstone Club maintain "no tipping" policies.

104.   Paragraph 104 contains legal conclusions, to which no response is required. YCO denies it employed or paid Plaintiffs.  YCO denies all remaining factual allegations in ¶ 104.

105.   Paragraph 105 contains legal conclusions, to which no response is required. YCO denies it employed or paid Plaintiffs, or any other HSS employees.  YCO denies all remaining factual allegations in ¶ 105.

106.   YCO denies all factual allegations in the first sentence of ¶ 106.  YCO admits the second sentence of ¶ 106.  YCO affirmatively states it had no prior experience navigating the complex bureaucratic framework that constitutes the H-2B non-immigrant visa program, and YCO retained HSS to advise and assist on that program.

107.   Paragraph 107 contains legal conclusions, to which no response is required. YCO admits it did directly employ workers on H-2B visas during the 2018-2019 winter season.

108.   YCO denies it employed or paid Plaintiffs, or any other HSS employees. YCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in ¶ 108, and denies all remaining factual allegations in ¶ 108 on that basis.

109.   Upon information and belief, YCO admits HSS CEO Tim McPherson met with the HSS employees who were providing temporary staffing services at YCO as HSS employees during the 2017-2018 winter season at some point during that season.  YCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in ¶ 109, and denies all remaining factual allegations in ¶ 109 on that basis.

110.   Upon information and belief, YCO admits that an HSS employee named Fay Wilson did supervise HSS employees, including Plaintiffs, who were providing

temporary staffing services at YCO during the 2017-2018 winter season.  YCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in ¶ 110, and denies all remaining factual allegations in ¶ 110 on that basis.

111.   YCO denies the factual allegations in ¶ 111 addressed to YCO.  YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 111 addressed to HSS, and YCO denies all such factual allegations in ¶ 111 on that basis.

112.   YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 112, and denies all factual allegations in ¶ 112 on that basis.

113.   YCO denies it employed or paid Plaintiffs, or any other HSS employees.  YCO lacks knowledge or information sufficient to form a belief as to the truth of how HSS paid its employees or whether they received tips, as alleged in ¶ 113, and denies all factual allegations in ¶ 113 on that basis.  YCO affirmatively states it directed HSS to make an end-of-season payment to housekeepers employed by HSS out of a service charge pool associated with the temporary staffing services those HSS employees provided at YCO during the 2017-2018 winter season, and as expressly permitted by the HSS Contract.

114.   Paragraph 114 contains legal conclusions, to which no response is required. YCO admits, on or around March 2018, Cindy McPheeters met with some HSS employees who were providing temporary staffing services at YCO during the 2017-2018 winter season pursuant to the HSS Contract to discuss how YCO would make distributions out of a service charge pool associated with the temporary staffing services HSS employees provided at YCO that season.  YCO denies Mrs. McPheeters made promises to those HSS employees.  YCO affirmatively states YCO did distribute that money to Plaintiffs, through HSS, pursuant to the HSS Contract.  YCO denies all remaining factual allegations in ¶ 114.

115.   YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 115, and denies all factual allegations in ¶ 115 on that basis.

116.   YCO denies the factual allegations in ¶ 116.

117.   YCO denies that individuals employed by YCO as cooks were not required to clean fryers.  YCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in ¶ 117, and denies all remaining factual allegations in ¶ 117 on that basis.

118.   YCO denies the factual allegations in ¶ 118.

119.   YCO denies the factual allegations in ¶ 119.  YCO affirmatively states YCO and the Yellowstone Club maintain "no tipping" policies.

120.   YCO denies any factual allegations in ¶ 120 addressed to YCO.  YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 120 addressed to HSS, and YCO denies all such factual allegations in ¶ 120 on that basis.

121.   YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 121, and denies all factual allegations in ¶ 121 on that basis.  YCO affirmatively states it maintains strict attendance policies and expectations for YCO employees.

122.   Paragraph 122 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 122, and denies all factual allegations in ¶ 122 on that basis.

123.   Paragraph 123 contains legal conclusions, to which no response is required. YCO denies the factual allegation in the first sentence of ¶ 123 that it denied transportation on YCO employee shuttles to any HSS employees, including Plaintiffs.  YCO admits the factual allegations in the second and third sentences of ¶ 123.  YCO denies the existence of the alleged policy referenced in ¶ 123, and states affirmatively it responded to complaints regarding this incident and clarified its policy regarding transportation.

124.   YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 124, and denies all factual allegations in ¶ 124 on that basis.

125.   Paragraph 125 contains legal conclusions, to which no response is required. YCO denies it employed or paid Plaintiffs, or any other HSS employees.  YCO lacks knowledge or information sufficient to form a belief as to the truth of how HSS paid its employees, as alleged in ¶ 125, and denies all factual allegations in ¶ 125 on that basis.

126.   YCO admits YCO members and guests generally do pay service charges to YCO employees at YCO restaurants.  YCO denies YCO members and guests pay tips.  YCO affirmatively states YCO and the Yellowstone Club maintain "no tipping" policies.  YCO denies any remaining factual allegations in ¶ 126.

127.   Paragraph 127 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 127, and denies all factual allegations in ¶ 127 on that basis.

128.   Paragraph 128 contains legal conclusions, to which no response is required. YCO denies it employed or paid Plaintiffs, or any other HSS employees.  YCO lacks knowledge or information sufficient to form a belief as to the truth of how HSS paid its employees, as alleged in ¶ 128, and denies all factual allegations in

¶ 128 on that basis.  YCO affirmatively states YCO and the Yellowstone Club maintain "no tipping" policies.

129.   YCO denies the factual allegations in the first sentence of ¶ 129.  YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in the second sentence of ¶ 129, and denies all such factual allegations in ¶ 129 on that basis.  YCO affirmatively states YCO and the Yellowstone Club maintain "no tipping" policies.

130.   Paragraph 130 contains legal conclusions, to which no response is required. YCO denies the factual allegations in ¶ 130.  YCO affirmatively states YCO and the Yellowstone Club maintain "no tipping" policies.

131.   Paragraph 131 contains legal conclusions, to which no response is required. YCO denies any remaining factual allegations in ¶ 131.

132.   Paragraph 132 contains legal conclusions, to which no response is required. YCO denies any remaining factual allegations in ¶ 132.

133.   Paragraph 133 contains legal conclusions, to which no response is required. YCO denies it employed or paid Plaintiffs, or any other HSS employees.  YCO lacks knowledge or information sufficient to form a belief as to the truth of how HSS paid its employees, as alleged in ¶ 133, and denies all factual allegations in ¶ 133 on that basis.  YCO affirmatively states YCO and the Yellowstone Club

maintain "no tipping" policies.  YCO denies it failed to distribute service charges

to nonmanagement YCO employees.

134.   Paragraph 134 contains legal conclusions, to which no response is required.

YCO denies it employed or paid Plaintiffs, or any other HSS employees.  YCO

lacks knowledge or information sufficient to form a belief as to the truth of how

HSS paid its employees, as alleged in ¶ 134, and denies all factual allegations in

¶ 134 on that basis.  YCO affirmatively states YCO and the Yellowstone Club

maintain "no tipping" policies.  YCO denies it distributed services charges to

management.

135.   Paragraph 135 contains legal conclusions, to which no response is required.

Upon information and belief, YCO admits HSS provided housing to HSS

employees who provided temporary staffing services at YCO during the 2017-

2018 winter season, and HSS employees paid HSS for that housing.  YCO

affirmatively states it provided HSS with third-party housing options for HSS to

provide to HSS employees, which HSS utilized.  YCO denies any remaining

factual allegations in ¶ 135.

136.   Paragraph 136 contains legal conclusions, to which no response is required.

Paragraph 136 references discrete documents, the terms of which speak for

themselves.  YCO denies the factual allegations in ¶ 136 to the extent they conflict

with the documents at issue.  YCO denies it employed or paid Plaintiffs, or any

other HSS employees.  YCO lacks knowledge or information sufficient to form a belief about the truth of how HSS paid its employees, as alleged in ¶ 136, and denies all factual allegations in ¶ 136 on that basis.

137.   Paragraph 137 contains legal conclusions, to which no response is required. Paragraph 137 references discrete documents, the terms of which speak for themselves.  YCO denies the factual allegations in ¶ 137 to the extent they conflict with the documents at issue.  YCO denies it employed or paid Plaintiffs, or any other HSS employees.  YCO lacks knowledge or information sufficient to form a belief about the truth of how HSS paid its employees, as alleged in ¶ 137, and denies all factual allegations in ¶ 137 on that basis.

138.   Paragraph 138 contains legal conclusions, to which no response is required. Paragraph 138 references discrete documents, the terms of which speak for themselves.  YCO denies the factual allegations in ¶ 138 to the extent they conflict with the documents at issue.  YCO denies it employed or paid Plaintiffs, or any other HSS employees.  YCO admits its understanding was that HSS did make certain deductions from some HSS employees' paychecks, and that YCO did not direct HSS to do so.  YCO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations regarding how HSS paid its employees, as alleged in ¶ 138, and YCO denies all such factual allegations in ¶ 138 on that basis.

139.   Paragraph 139 contains legal conclusions, to which no response is required. YCO denies it employed or paid Plaintiffs, or any other HSS employees.  YCO admits that some HSS employees complained to YCO about their employment with HSS.  YCO denies the remaining factual allegations in ¶ 139.

140.   YCO admits HSS was responsible for payroll and payroll decisions regarding HSS employees, including Plaintiffs, pursuant to the HSS Contract. YCO denies it employed or paid Plaintiffs, or any other HSS employees.  YCO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 140, and YCO denies all such factual allegations in ¶ 140 on that basis.

141.   YCO denies it threatened to send HSS employees back to Jamaica, including Plaintiffs.  YCO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 141, and YCO denies all such factual allegations in ¶ 141 on that basis.

142.   Paragraph 142 contains legal conclusions, to which no response is required. YCO denies all factual allegations in ¶ 142.

143.   Paragraph 143 contains legal conclusions, to which no response is required. YCO denies all factual allegations in ¶ 143.

144.   Paragraph 144 contains legal conclusions, to which no response is required. YCO denies all factual allegations in ¶ 144.

145.   Paragraph 145 contains legal conclusions, to which no response is required. YCO denies all factual allegations in ¶ 145.

146.   Paragraph 146 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 146.

147.   Paragraph 147 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 147.

148.   Paragraph 148 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 148, and denies all factual allegations in ¶ 148 on that basis.

149.   Paragraph 149 contains legal conclusions, to which no response is required. YCO denies the factual allegations in ¶ 149 that are directed to YCO.  YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 149 that are directed to HSS, and denies all factual allegations in ¶ 149 that are directed to HSS on that basis.

150.   Paragraph 150 contains legal conclusions, to which no response is required. YCO denies it made fraudulent representations to Plaintiffs.  YCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in ¶ 150, and denies all remaining factual allegations in ¶ 150 on that basis.

151.   Paragraph 151 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 151.

## Rule 23 Class Allegations

152.   Paragraph 152 contains legal conclusions, to which no response is required. YCO denies that Plaintiffs are entitled to certification of Plaintiffs' proposed class under Federal Rule of Civil Procedure 23.  YCO denies any remaining factual allegations in ¶ 152.

153.   Paragraph 153 contains legal conclusions, to which no response is required. YCO denies it employed any HSS employees, including Plaintiffs.  YCO denies that Plaintiffs are entitled to certification of Plaintiffs' proposed class under Federal Rule of Civil Procedure 23.  YCO denies any remaining factual allegations in ¶ 153.

154.   Paragraph 154 contains legal conclusions, to which no response is required. YCO denies that 110 HSS employees provided temporary staffing services at YCO during the 2017-2018 winter season.  YCO denies any remaining factual allegations in ¶ 154.

155.   Paragraph 155 contains legal conclusions, to which no response is required. YCO denies it employed or paid any HSS employees, including Plaintiffs.  YCO denies any remaining factual allegations in ¶ 155.

156.   Paragraph 156 contains legal conclusions, to which no response is required. YCO denies that it employed or paid any HSS employees, including Plaintiffs. YCO denies that all potential class members experienced similar pay practices. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in the final sentence of ¶ 156, and denies all such factual allegations in the final sentence of ¶ 156 on that basis.

157.   Paragraph 157 contains legal conclusions, to which no response is required. YCO denies it employed Plaintiffs.  YCO denies any remaining factual allegations in ¶ 157.

158.   Paragraph 158 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in ¶ 158, and denies all remaining factual allegations in ¶ 158 on that basis.

159.   Paragraph 159 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 159.

160.   Paragraph 160 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 160.

161.   Paragraph 161 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of

the factual allegations in ¶ 161, and denies all factual allegations in ¶ 161 on that basis.

162.   Paragraph 162 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 162, and denies all factual allegations in ¶ 162 on that basis.

163.   Paragraph 163 contains legal conclusions, to which no response is required. YCO admits it is registered to do business in Montana.  Upon information and belief, YCO admits HSS is registered to do business in Montana.  YCO denies all remaining factual allegations in ¶ 163.

164.   Paragraph 164 contains legal conclusions, to which no response is required. YCO denies all factual allegations in ¶ 164.

165.    Paragraph 165 contains legal conclusions, to which no response is required. YCO denies all factual allegations in ¶ 165.

## Count I

166.   Paragraph 166 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 166.

167.   Paragraph 167 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 167.

168.   Paragraph 168 contains legal conclusions, to which no response is required.

YCO denies any factual allegations in ¶ 168.

169.   Paragraph 169 contains legal conclusions, to which no response is required.

YCO denies any factual allegations in ¶ 169.

170.   Paragraph 170 contains legal conclusions, to which no response is required.

YCO denies any factual allegations in ¶ 170.

171.   Paragraph 171 contains legal conclusions, to which no response is required.

YCO denies any factual allegations in ¶ 171.

## **Count II**

172.   Paragraph 172 contains legal conclusions, to which no response is required.

YCO denies any factual allegations in ¶ 172.

173.   Paragraph 173 contains legal conclusions, to which no response is required.

Upon information and belief, YCO admits Plaintiffs are Black and Jamaican.

YCO denies any remaining factual allegations in ¶ 173.

174.   Paragraph 174 contains legal conclusions, to which no response is required.

YCO denies it employed Plaintiffs.  YCO admits HSS employed Plaintiffs, as

established by the HSS Contract.  YCO denies any remaining factual allegations in

¶ 174.

175.   Paragraph 175 contains legal conclusions, to which no response is required. YCO denies it employed Plaintiffs.  YCO admits HSS employed Plaintiffs.  YCO denies any remaining factual allegations in ¶ 175.

176.   Paragraph 176 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 176, and denies all factual allegations in ¶ 176 on that basis.

177.   Paragraph 177 contains legal conclusions, to which no response is required. YCO admits HSS employed and supervised Plaintiffs, as required by the HSS Contract.  YCO denies the remaining factual allegations in ¶ 177.

178.    Paragraph 178 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 178 addressed to YCO.  YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 178 addressed to HSS, and YCO denies all such factual allegations in ¶ 178 on that basis.

179.   Paragraph 179 contains legal conclusions, to which no response is required. YCO denies it discriminated against Plaintiffs based on their race or national origin.  YCO denies any remaining factual allegations in ¶ 179 addressed to YCO. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 179 addressed to HSS, and YCO denies all such factual

allegations in ¶ 179 on that basis.  YCO affirmatively states YCO and the

Yellowstone Club maintain "no tipping" policies.

180.   Paragraph 180 contains legal conclusions, to which no response is required.

YCO denies it engaged in discrimination or created a hostile workplace.  YCO

denies any remaining factual allegations in ¶ 180.

181.   Paragraph 181 contains legal conclusions, to which no response is required.

YCO denies it created a hostile workplace.  YCO denies it employed Plaintiffs.

YCO denies it treated YCO employees more favorably than other similar YCO

employees.  YCO denies the remaining factual allegations in ¶ 181 addressed to

YCO.  YCO lacks knowledge or information sufficient to form a belief as to the

truth of the factual allegations in ¶ 181 addressed to HSS, and YCO denies all such

factual allegations in ¶ 181 on that basis.

182.   Paragraph 182 contains legal conclusions, to which no response is required.

YCO denies any factual allegations in ¶ 182 addressed to YCO.  YCO lacks

knowledge or information sufficient to form a belief as to the truth of the factual

allegations in ¶ 182 addressed to HSS, and YCO denies all such factual allegations

in ¶ 182 on that basis.

183.   Paragraph 183 contains legal conclusions, to which no response is required.

YCO denies any factual allegations in ¶ 183 addressed to YCO.  YCO lacks

knowledge or information sufficient to form a belief as to the truth of the factual

allegations in ¶ 183 addressed to HSS, and YCO denies all such factual allegations in ¶ 183 on that basis.

184.   Paragraph 184 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 184, and denies all factual allegations in ¶ 184 on that basis.

## Count III

185.   Paragraph 185 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 185.

186.   Paragraph 186 contains legal conclusions, to which no response is required. YCO denies it employed Plaintiffs.  YCO admits HSS employed Plaintiffs, as established by the HSS Contract.  YCO denies any remaining factual allegations in ¶ 186.

187.   Paragraph 187 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 187 addressed to YCO.  YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegation that HSS improperly withheld tips and service charges, as alleged in ¶ 187, and denies all such factual allegations in ¶ 187 on that basis.  YCO affirmatively states YCO and the Yellowstone Club maintain "no tipping" policies.

188.   Paragraph 188 contains legal conclusions, to which no response is required. YCO denies it employed or paid Plaintiffs.  YCO admits HSS employed and paid Plaintiffs, as required by the HSS Contract.  Upon information and belief, YCO admits HSS made deductions from Plaintiffs' paychecks.  YCO denies any remaining factual allegations in ¶ 188.

189.   Paragraph 189 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 189.

## Count IV

190.   Paragraph 190 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 190.

191.   Paragraph 191 contains legal conclusions, to which no response is required. YCO denies it made representations to Plaintiffs about the terms and conditions of their employment with HSS.  YCO denies it employed Plaintiffs.  YCO denies any remaining factual allegations in ¶ 191 addressed to YCO.  YCO affirmatively states YCO and the Yellowstone Club maintain "no tipping" policies.  YCO lacks knowledge or information sufficient to form a belief as to the truth of what representations HSS may have made to Plaintiffs, as alleged in ¶ 191, and denies all such factual allegations in ¶ 191 on that basis.  YCO denies any remaining factual allegations in ¶ 191.

192.   Paragraph 192 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 192.

193.   Paragraph 193 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 193.

194.   Paragraph 194 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 194 addressed to YCO.  YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 194 addressed to HSS, and YCO denies all such factual allegations in ¶ 194 on that basis.

195.   Paragraph 195 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 195 addressed to YCO.  YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 195 addressed to HSS, and YCO denies all such factual allegations in ¶ 195 on that basis.

196.   Paragraph 196 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 196, and denies all factual allegations in ¶ 196 on that basis.

197.   Paragraph 197 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of

the factual allegations in ¶ 197, and denies all factual allegations in ¶ 197 on that basis.

198.   Paragraph 198 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 198.

199.   Paragraph 199 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 199.

## Count V

200.   Paragraph 200 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 200.

201.   Paragraph 201 contains legal conclusions, to which no response is required. YCO denies it made representations to Plaintiffs about the terms and conditions of their employment with HSS.  YCO denies it employed Plaintiffs.  YCO affirmatively states YCO and the Yellowstone Club maintain "no tipping" policies. YCO lacks knowledge or information sufficient to form a belief as to the truth of what representations HSS may have made to Plaintiffs, as alleged in ¶ 201, and denies all such factual allegations in ¶ 201 on that basis.  YCO denies any remaining factual allegations in ¶ 201.

202.   Paragraph 202 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 202.

203.   Paragraph 203 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 203 addressed to YCO.  YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 203 addressed to HSS, and YCO denies all such factual allegations in ¶ 203 on that basis.

204.   Paragraph 204 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 204 addressed to YCO.  YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 204 addressed to HSS, and YCO denies all such factual allegations in ¶ 204 on that basis.

205.   Paragraph 205 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 205, and denies all factual allegations in ¶ 205 on that basis.

206.   Paragraph 206 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 206.

## Count VI

207.   Paragraph 207 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 207.

208.   Paragraph 208 contains legal conclusions, to which no response is required. YCO denies it made representations to Plaintiffs about the terms and conditions of their employment with HSS.  YCO denies it employed Plaintiffs.  YCO affirmatively states YCO and the Yellowstone Club maintain "no tipping" policies. YCO lacks knowledge or information sufficient to form a belief as to the truth of what representations HSS may have made to Plaintiffs, as alleged in ¶ 208, and denies all such factual allegations in ¶ 208 on that basis.  YCO denies any remaining factual allegations in ¶ 208.

209.   Paragraph 209 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 209, and denies all factual allegations in ¶ 209 on that basis.

210.   Paragraph 210 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 210.

211.   Paragraph 211 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 211.

## **Count VI**

212.   Paragraph 212 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 212.

213.   Paragraph 213 contains legal conclusions, to which no response is required. Upon information and belief, YCO admits Plaintiffs are Black and Jamaican. YCO denies any remaining factual allegations in ¶ 213.

214.   Paragraph 214 contains legal conclusions, to which no response is required. YCO denies it employed Plaintiffs.  YCO admits HSS employed and paid Plaintiffs, as required by the HSS Contract.  YCO denies any remaining factual allegations in ¶ 214.

215.   Paragraph 215 contains legal conclusions, to which no response is required. YCO denies it employed Plaintiffs.  YCO admits HSS employed and paid Plaintiffs, as required by the HSS Contract.  YCO denies any remaining factual allegations in ¶ 215.

216.   Paragraph 216 contains legal conclusions, to which no response is required. Upon information and belief, YCO admits HSS recruited Plaintiffs, entered into contracts with Plaintiffs, and supervised/managed Plaintiffs, consistent with the HSS Contract.  YCO denies the remaining allegations in ¶ 216.

217.   Paragraph 217 contains legal conclusions, to which no response is required. YCO admits HSS employed and supervised Plaintiffs, as required by the HSS Contract.  YCO denies the remaining factual allegations in ¶ 217.

218.   Paragraph 218 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 218 addressed to YCO.  YCO lacks

knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 218 addressed to HSS, and YCO denies all such factual allegations in ¶ 218 on that basis.

219.  Paragraph 219 contains legal conclusions, to which no response is required. YCO denies it discriminated against Plaintiffs based on their race or national origin.  YCO denies any remaining factual allegations in ¶ 219 addressed to YCO. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 219 addressed to HSS, and YCO denies all such factual allegations in ¶ 219 on that basis.  YCO affirmatively states YCO and the Yellowstone Club maintain "no tipping" policies.

220.  Paragraph 220 contains legal conclusions, to which no response is required. YCO denies it engaged in discrimination or created a hostile workplace.  YCO denies any remaining factual allegations in ¶ 220.

221.  Paragraph 221 contains legal conclusions, to which no response is required. YCO denies it created a hostile workplace.  YCO denies it employed Plaintiffs. YCO denies it treated YCO employees more favorably than other similar YCO employees.  YCO denies the remaining factual allegations in ¶ 221 addressed to YCO.  YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 221 addressed to HSS, and YCO denies all such factual allegations in ¶ 221 on that basis.

222.   Paragraph 222 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 222 addressed to YCO.  YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 222 addressed to HSS, and YCO denies all such factual allegations in ¶ 222 on that basis.

223.   Paragraph 223 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 223 addressed to YCO.  YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 223 addressed to HSS, and YCO denies all such factual allegations in ¶ 223 on that basis.

224.   Paragraph 224 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 224, and denies all factual allegations in ¶ 224 on that basis.

## Count VII

225.   Paragraph 225 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 225.

226.   Paragraph 226 contains legal conclusions, to which no response is required. Upon information and belief, YCO admits Plaintiffs are Black and Jamaican. YCO denies any remaining factual allegations in ¶ 226.

227.   Paragraph 227 contains legal conclusions, to which no response is required. YCO denies it employed Plaintiffs.  YCO admits HSS employed and paid Plaintiffs, as required by the HSS Contract.  YCO denies any remaining factual allegations in ¶ 227.

228.   Paragraph 228 contains legal conclusions, to which no response is required. YCO denies it employed Plaintiffs.  YCO admits HSS employed and paid Plaintiffs, as required by the HSS Contract.  YCO denies any remaining factual allegations in ¶ 228.

229.   Paragraph 229 contains legal conclusions, to which no response is required. Upon information and belief, YCO admits HSS recruited Plaintiffs, entered into contracts with Plaintiffs, and supervised/managed Plaintiffs, consistent with the HSS Contract.  YCO denies the remaining allegations in ¶ 229.

230.   Paragraph 230 contains legal conclusions, to which no response is required. YCO admits HSS employed and supervised Plaintiffs, as required by the HSS Contract.  YCO denies it employed Plaintiffs.  YCO denies the remaining factual allegations in ¶ 230.

231.   Paragraph 231 contains legal conclusions, to which no response is required. YCO denies adopting the policies referenced in ¶ 231.  YCO lacks sufficient knowledge or information sufficient to form a belief as to what policies HSS may

have adopted, as alleged in ¶ 231, and YCO therefore denies all such factual allegations in ¶ 231 on that basis.

232.   YCO denies it adopted the policies referenced in ¶ 232, as those alleged policies are defined in the First Amended Complaint.  YCO lacks sufficient knowledge or information sufficient to form a belief as to what policies HSS may have adopted, as alleged in ¶ 232, and YCO therefore denies all such factual allegations in ¶ 232 on that basis.

233.   YCO denies it adopted the policies referenced in ¶ 233.  YCO lacks sufficient knowledge or information sufficient to form a belief as to what policies HSS may have adopted, as alleged in ¶ 233, and YCO therefore denies all such factual allegations in ¶ 232 on that basis.  YCO denies the remaining factual allegations in ¶ 233.

234.   Paragraph 234 contains legal conclusions, to which no response is required.  YCO lacks sufficient knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 234, and denies the factual allegations in ¶ 234 on that basis.

235.   YCO lacks knowledge or information sufficient to form a belief about the truth about the factual allegations in ¶ 235, and denies all factual allegations in ¶ 235 on that basis.

236.   Paragraph 236 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 236 addressed to YCO.  YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 236 addressed to HSS, and YCO denies all such factual allegations in ¶ 236 on that basis.

237.   Paragraph 237 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 237 addressed to YCO.  YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 237 addressed to HSS, and YCO denies all such factual allegations in ¶ 237 on that basis.

238.   Paragraph 238 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 238, and denies all factual allegations in ¶ 238 on that basis.

## Count VII

239.   Paragraph 239 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 239.

240.   YCO admits that YCO members and guests did pay service charges for some services YCO employees provided during the 2017-2018 winter season. YCO denies all remaining factual allegations in ¶ 240.

241.   YCO admits that YCO pooled the service charges YCO employees generated during the 2017-2018 season, and distributed those service charges to YCO employees.  YCO denies any remaining factual allegations in ¶ 241.

242.   Paragraph 242 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 242.

243.   Paragraph 243 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 243.

244.   Paragraph 244 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 244.

245.   Paragraph 245 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 245.

## Count VIII

246.   Paragraph 246 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 246.

247.   YCO admits that YCO members and guests did pay service charges for some services YCO employees provided during the 2017-2018 winter season. YCO denies all remaining factual allegations in ¶ 247.

248.   YCO admits that YCO pooled the service charges YCO employees generated during the 2017-2018 season, and distributed those service charges to YCO employees.  YCO denies any remaining factual allegations in ¶ 248.

249.   Paragraph 249 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 249.

250.   Paragraph 250 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 250.

251.   Paragraph 251 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 251.

252.   Paragraph 252 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 252.

## Count IX

253.   Paragraph 253 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 253.

254.   YCO admits it signed the HSS Contract on August 31, 2017, the terms of which speak for itself.  YCO denies the factual allegations in ¶ 254 to the extent they conflict with the terms of the HSS Contract.

255.   YCO admits it signed the HSS Contract on August 31, 2017, the terms of which speak for itself.  YCO denies the factual allegations in ¶ 255 to the extent they conflict with the terms of the HSS Contract.

256.   YCO admits that it directed HSS to make certain payments to Plaintiffs at the end of the 2017-2018 winter season, as permitted by the HSS Contract.  YCO denies the remaining factual allegations in ¶ 256.

257.   Paragraph 257 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 257, and denies all factual allegations in ¶ 257 on that basis.

258.   Paragraph 258 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 258, and denies all factual allegations in ¶ 258 on that basis.

## Count X

259.   Paragraph 259 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 259.

260.   Paragraph 260 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 260.

261.   Paragraph 261 contains legal conclusions, to which no response is required. YCO denies any factual allegations in ¶ 261.

262.   Paragraph 262 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 262, and denies all factual allegations in ¶ 262 on that basis.

263.    Paragraph 263 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 263, and denies all factual allegations in ¶ 263 on that basis.

264.    Paragraph 264 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 264, and denies all factual allegations in ¶ 264 on that basis.

265.    Paragraph 265 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 265, and denies all factual allegations in ¶ 265 on that basis.

266.    Paragraph 266 contains legal conclusions, to which no response is required. YCO lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in ¶ 266, and denies all factual allegations in ¶ 266 on that basis.

267.    Paragraph 267 contains legal conclusions, to which no response is required.

268.    Paragraph 268 contains legal conclusions, to which no response is required. Paragraph 268 contains Plaintiffs' "Prayer for Relief," and does not appear to contain any factual allegations requiring a response from YCO.  To the extent any

response is required, YCO denies any factual allegations, and denies Plaintiffs are entitled to the relief requested in ¶ 268.

## GENERAL DENIAL

To the extent any factual allegation in Plaintiffs' First Amended Complaint requires a response and is not affectively responded to above, YCO denies all such factual allegations.

## YCO's AFFIRMATIVE DEFENSES

YCO asserts the following affirmative defenses based upon its knowledge of the facts of this case and pertinent legal considerations at this time.  YCO reserves the right to amend its answer to assert additional affirmative defenses or withdraw an affirmative defense as discovery progresses and as justified by the underlying facts and applicable law.

### First Affirmative Defense

Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' proposed class action complaint fails to meet the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1).

//

//

### Third Affirmative Defense

Plaintiffs' proposed class action complaint fails to meet the commonality requirement of Federal Rule of Civil Procedure 23(a)(2).

### Fourth Affirmative Defense

Plaintiffs' proposed class action complaint fails to meet the typicality requirement of Federal Rule of Civil Procedure 23(a)(3).

### Fifth Affirmative Defense

Plaintiffs' proposed class action complaint fails to meet the adequacy requirement of Federal Rule of Civil Procedure 23(a)(4).  The named Plaintiffs and/or their counsel will not adequately and fairly protect the interests of the proposed class, as required by Federal Rule of Civil Procedure 23(a)(4).

### Sixth Affirmative Defense

The proposed class lacks common questions of law or fact, as required by Federal Rule of Civil Procedure 23(b).

### Seventh Affirmative Defense

Plaintiffs' proposed class action complaint otherwise fails to meet the requirements of Federal Rule of Civil Procedure 23 necessary for certification of Plaintiffs' proposed class.

### Eighth Affirmative Defense

Plaintiffs have failed to exhaust their administrative remedies.

### Ninth Affirmative Defense

The claims asserted in Plaintiffs' First Amended Complaint are barred by the applicable statutes of limitation.

### Tenth Affirmative Defense

Plaintiffs are not entitled to the relief they have requested under United States and/or Montana law.

### Eleventh Affirmative Defense

Plaintiffs failed to mitigate their damages, if any.

### Twelfth Affirmative Defense

Plaintiffs' employment with HSS was governed by written contracts, which Plaintiffs signed.  Plaintiffs had no legal right to rely on any alleged prior oral representations that conflicted with the terms of those contracts.

### Thirteenth Affirmative Defense

Plaintiffs received all of the benefits that they were entitled to under Plaintiffs' written contracts with HSS, which Plaintiffs signed.

### Fourteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the parol evidence rule.

### Fifteenth Affirmative Defense

The doctrines of waiver, estoppel, laches, and unclean hands bar Plaintiffs' claims.

## Sixteenth Affirmative Defense

Plaintiffs' damages, if any, were proximately caused by Plaintiffs' own acts, omissions, or misconduct.

## Seventeenth Affirmative Defense

Plaintiffs' damages, if any, were proximately caused by the negligent acts, omissions, or misconduct of third parties, including HSS.

## Eighteenth Affirmative Defense

YCO did not employ Plaintiffs, pay Plaintiffs' hourly wages, or enter into any contractual relationship with Plaintiffs.

## Nineteenth Affirmative Defense

The claims alleged in Plaintiffs' First Amended Complaint are barred by the doctrine of unjust enrichment, and Plaintiff would be unjustly enriched by receipt of the requested relief.

## Twentieth Affirmative Defense

Plaintiffs engaged in conduct and actions to constitute an accord and satisfactions of the obligations, conduct, or acts at issue in the First Amended Complaint, barring recovery from YCO.

## <u>RELIEF SOUGHT</u>

YCO respectfully requests the Court grant the following relief:

1. Dismissal of Plaintiffs' First Amended Complaint with prejudice and/or that Plaintiffs take nothing by way of Plaintiffs' First Amended Complaint;

2. For YCO's reasonable attorneys' fees and costs; and

3. For any other further relief the Court deems just and proper.

### <u>DEMAND FOR JURY TRIAL</u>

YCO demands a trial by jury on all issues triable by jury in this action.

DATED this 18th day of November, 2019.

CROWLEY FLECK PLLP


By: <u>/s/ Jeffrey M. Roth</u>
      Jeffrey M. Roth
      John M. Semmens

*Attorney for Defendant Yellowstone Club Operations, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2019, I sent the foregoing document via CM/ECF to the following:

Roger Trim
Ogletree Deakins, Nash, Smoak & Stewart PC
2000 S. Colorado Blvd.
Tower 3, Suite 900
Denver, CO 80222
*Attorney for Defendant Hospitality Solutions, LLC*

Christopher Young
YOUNG LAW OFFICE PLLC
P.O. Box 10247
Bozeman, MT 59719
*Attorney for Plaintiff*

David Seligman
Alex Hood
Towards Justice
1410 High Street, Suite 300
Denver, CO 80218
*Attorney for Plaintiff*

Sarah J. Parady
Mary Jo Lowrey
Lowrey Parady, LLC
1725 High Street
Denver, CO 80218
*Attorney for Plaintiff*

CROWLEY FLECK PLLP


By:  /s/ Jeffrey M. Roth
       Jeffrey M. Roth

John M. Semmens

*Attorney for Defendant Yellowstone Club
Operations, LLC*