# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| NICHOLAS DOUGLAS;<br>TASHEKA BRYAN;<br>JUNIOR HARRIS;<br>MARCUS RICHARDS;<br>STEPHANEY SMITH; and those<br>similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>YELLOWSTONE CLUB<br>OPERATIONS, LLC; and<br>HOSPITALITY STAFFING<br>SOLUTIONS, LLC,<br><br>Defendants. | CV 18-62-BU-SEH<br><br>**PROPOSED CLASS ACTION<br>SETTLEMENT AND RELEASE** |

# **Table of Exhibits**

Exhibit 1    Notice of Proposed Settlement Class Action..........................................

Exhibit 2    Preliminary Approval Order ..................................................................

DocuSign Envelope ID: 6FA30376-8241-43F8-92BC-ECFDB84F4E56

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into by and among the Class Representatives, Class Members, Yellowstone Club Operations, LLC ("YCO"), and Hospitality Staffing Solutions LLC ("HSS") in the Action captioned above as those terms are defined herein (collectively, the "Parties"), by and through their attorneys of record.

Subject to Court approval as required by the Federal Rules of Civil Procedure and as provided below, it is hereby stipulated and agreed by the Parties that, in consideration of the promises and covenants set forth in this Settlement Agreement and upon the entry by the Court of a Final Order and Judgment approving the settlement and directing the implementation of the terms and conditions of this Settlement Agreement, this Action shall be settled and compromised upon the terms and conditions set forth below.

## RECITALS

WHEREAS, on September 20, 2018, Plaintiffs filed an initial complaint (Doc. 1) in the United States District Court for the District of Montana, Butte Division, in Case No. 2:18-cv-00062-SEH captioned as *Nicholas Douglas; Tasheka Bryan; Junior Harris; Marcus Richards; Stephaney Smith; and those similarly situated, Plaintiffs, v. Yellowstone Club Operations, LLC; and Hospitality Staffing Solutions LLC, Defendants* (the "Lawsuit" or "Action");

1

DocuSign Envelope ID: 6FA30376-8241-43F8-92BC-ECFDB84F4E56

WHEREAS, after engaging in litigation the Parties are willing to enter into this Settlement Agreement to settle the claims of this Lawsuit, including all claims asserted against HSS and YCO or that could have been asserted against HSS and YCO, with a Federal Rule of Civil Procedure 23(b)(3) Settlement Class because of, among other reasons, the attendant expense, risks, difficulties, delays, and uncertainties of continued litigation;

WHEREAS, HSS and YCO will fund monetary relief for all members of the Federal Rule of Civil Procedure 23(b)(3) Settlement Class;

WHEREAS, Plaintiffs and their Class Counsel, after discovery and investigation, believe that this Settlement Agreement provides fair, reasonable, and adequate relief to the Federal Rule of Civil Procedure 23(b)(3) Settlement Class and that it is in the best interest of the Federal Rule of Civil Procedure 23(b)(3) Settlement Class to settle, compromise, and dismiss their claims on the merits and with prejudice as to HSS and YCO on the terms set forth below; and

WHEREAS, HSS and YCO deny all claims asserted against them in this Lawsuit, deny that class certification would be appropriate if the case were litigated rather than settled, deny all allegations of wrongdoing and liability, and deny that the Class Members suffered damages attributable to HSS or YCO. Nevertheless, HSS and YCO desire to settle Plaintiffs' claims on the terms and conditions set forth in this Settlement Agreement solely for the purpose of

2

avoiding the burden, expense, risk and uncertainty of continuing the proceedings on those issues in this Lawsuit and putting to rest the controversies engendered.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED that this Lawsuit and all claims of the Federal Rule of Civil Procedure 23(b)(3) Settlement Class Action, including all claims asserted against HSS and YCO or that could have been asserted against HSS and YCO, be settled, compromised, and dismissed on the merits and with prejudice as to HSS and YCO on the terms set forth below, subject to the approval of the Court and the Court's continuing jurisdiction over the execution of the terms of this Settlement Agreement.

The recitals stated above are true and accurate and are hereby made a part of the Settlement Agreement.

## I. Definitions

Unless defined elsewhere in this Settlement Agreement, as used in this Settlement Agreement and the related documents attached hereto as exhibits, the terms set forth below shall have the meanings set forth below. The singular includes the plural and vice versa.

1.1    "Action" or "Lawsuit" means the above-captioned action currently pending before the United States District Court for the District of Montana, Butte Division, in Case No. 2:18-cv-00062-SEH captioned as *Nicholas Douglas; Tasheka Bryan; Junior Harris; Marcus Richards; Stephaney Smith; and those*

3

*similarly situated, Plaintiffs, v. Yellowstone Club Operations, LLC; and Hospitality Staffing Solutions LLC, Defendants.*

    1.2    "Administrative Costs" mean the costs of administering the class Settlement Fund, which includes the cost of producing and mailing the Class Notices and other costs approved by the Court.

    1.3    "Amended Complaint" means the First Amended Class Action Complaint and Jury Demand, dated October 18, 2019, filed in this Action (Dkt. 20).

    1.4    "Attorney Fees" means the attorneys' fees Class Counsel may receive from the Settlement Fund, as approved by the Court in the settlement of this Action.

    1.5    "CAFA Notice" means the notices required by the Class Action Fairness Act ("CAFA"), 29 U.S.C. § 1715.

    1.5    "Class" or "Settlement Class" means:  All persons who worked at the Yellowstone Club between October 2017 and May 2018 on Non-Immigrant H-2B Visas and who were on the payroll of HSS during that period, but excludes any individuals who submit a valid and timely opt-out request in accordance with Subsection 5.1 herein.

    1.6    "Class Counsel" means: Mary Jo Lowrey of Lowrey Parady Lesback, LLC; Christopher Young of Young Law Office PLLC; and David Seligman of

4

DocuSign Envelope ID: 6FA30376-8241-43F8-92BC-ECFDB84F4E56

Towards Justice.

1.7    "Class Member" means an individual or entity that meets the Class

definition, but excludes any person who submits a valid and timely opt-out request

in accordance with Subsection 5.1 herein.

1.8    "Class Representatives" mean Nicholas Douglas, Tasheka Bryan,

Junior Harris, Marcus Richards, and Stephaney Smith.

1.9   "Costs" means the costs Class Counsel has incurred in the prosecution

of this action that are approved by the Court.

1.10   "Court" means the United States District Court for the District of

Montana, Butte Division.

1.11   "Effective Date" means the date on which this Court's entry of the

Final Approval Order and this Court's order regarding attorneys' fees, costs, and

service fees all become final because the following has occurred: (a) the expiration

of three (3) business days after the time to file a motion to alter or amend the Final

Approval Order under Federal Rule of Civil Procedure 59(e) has passed without

such a motion having been filed; (b) the expiration of three (3) business days after

the time in which to appeal the Final Approval Order has passed without any

appeal having been filed (which date shall be deemed to be thirty-three (33) days

following entry of the Final Approval Order); and (c) if such motion to alter or

amend is filed, or if an appeal is taken, three (3) business days after a

DocuSign Envelope ID: 6FA30376-8241-43F8-92BC-ECFDB84F4E56

determination of such  motion or appeal that permits the consummation of the

Settlement. If the Settlement is not approved by the court, not upheld on appeal, or

cannot otherwise be consummated, the Parties will return to the status quo ante,

that is, their respective positions that existed in this Action before entering into this

Settlement Agreement.

1.12   "Fairness Hearing" means the settlement approval hearing to be

conducted by the Court in connection with the determination of the fairness,

adequacy, and reasonableness of this Settlement Agreement in accordance with

Federal Rule of Civil Procedure 23(e), and at which hearing

hearing at the Court will consider and finally decide whether to approve this

Settlement, enter a judgment, and make such other rulings as are contemplated by

this Settlement.  The Fairness Hearing shall be scheduled in accordance with the

Notice Plan approved by the Court and following the granting of Plaintiffs'

motion for Preliminary Approval of the Settlement, subject to the Court's ultimate

discretion and inherent control over these proceedings.

1.14   "Final Order and Judgment" or "Final Approval Order" means the

Order Granting Final Approval of Class Action Settlement and Judgment of

Dismissal with Prejudice issued by the Court approving this settlement and this

Settlement Agreement as fair, adequate, and reasonable and in the best interests of

the Class as a whole in accordance with Federal Rule of Civil Procedure 23(e).

DocuSign Envelope ID: 6FA30376-8241-43F8-92BC-ECFDB84F4E56

1.16   "HSS" means Hospitality Staffing Solutions LLC, including any and all heirs, personal representatives, subsidiaries, affiliates, parent companies, successors, assigns, agents, insurers, employees, or other related entities and attorneys of HSS.

1.17   "HSS's Counsel" means the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

1.18   "Initial Notice Date" means the first date upon which the Notice of Proposed Settlement of Class Action is initially mailed to any Class Member pursuant to Section IV below.

1.19   "Net Class Settlement Funds" is defined as the balance of the class "Settlement Fund" of $1,000,000.00, less Attorney Fees, Costs, Administrative Costs, and other costs approved by the Court.

1.20   "Notice List" with respect to the Notice of Proposed Settlement of Class Action means the list of certain Class Members, by name and last known contact information, identified by  payroll records and provided to Class Counsel.

1.22   "Notice Plan" means the Court-approved plan for disseminating notice to the Federal Rule of Civil Procedure 23(b)(3) Settlement Class, as described in Section IV.

1.23   "Notice" means the Court-approved notice in substantially the form attached hereto as Exhibit 1, subject to the Court's ultimate discretion and inherent

DocuSign Envelope ID: 6FA30376-8241-43F8-92BC-ECFDB84F4E56

control over these proceedings.

1.24   "Parties" mean the Class Representatives, the Class Members, HSS, and YCO.

1.25   "Payment Notices" means the notices sent to the Class Members at the time of payment of the Net Class Settlement Funds.

1.26   "Person" (without regard to capitalization) means any individual or legal entity, including associations, and their assigns.

1.27   "Preliminary Approval Order" means the Order Granting Preliminary Certification of Class, Preliminary Approval of Class Action Settlement, and Providing for Notice of Settlement issued by the Court, in substantially the form attached hereto as Exhibit 2, subject to the Court's ultimate discretion and inherent control over these proceedings.

1.28   "Released Claim" means a claim that has been waived, released, and discharged under this Settlement Agreement, as discussed more fully in Section VIII below.

1.29   "Settlement Date" means the date on which the Final Order and Judgment is entered.

1.30   "Settlement Fund" means the total amount of the class settlement fund of $1,000,000.00, which HSS and YCO shall pay to Class Members in full satisfaction of all claims raised in this Action, and all claims that could have been

DocuSign Envelope ID: 6FA30376-8241-43F8-92BC-ECFDB84F4E56

raised in this Action.  YCO will contribute $515,000 to the Settlement Fund and HSS will contribute $485,000 to the Settlement Fund.  The amount of the Settlement Fund is inclusive of Class Representatives' and Class Members' attorneys' fees and costs, and inclusive of all expenses and costs of administering the settlement.

1.31   "YCO" means Yellowstone Club Operations, LLC, including any and all heirs, personal representatives, subsidiaries, affiliates, parent companies, successors, assigns, agents, insurers, employees, or other related entities and attorneys of YCO.

1.32   "YCO's Counsel" means the law firm of Crowley Fleck, PLLP.

**II.  No Admission of Liability or to the Elements of Class Certification**

2.1   <u>HSS's and YCO's Denial of Wrongdoing or Liability</u>.  HSS and YCO have asserted, and continue to assert, many defenses in this Lawsuit, and both HSS and YCO have expressly denied and continue to deny any fault, wrongdoing, or liability whatsoever arising out of the conduct alleged in the Lawsuit.  HSS and YCO expressly deny any fault, wrongdoing, or liability whatsoever, as well as the validity of each of the claims and prayers for relief asserted in the Lawsuit.  The Parties expressly acknowledge and agree that neither the fact of, nor any provision contained in this Settlement Agreement nor any of the implementing documents or actions taken under them, shall constitute or be construed as any admission of the

DocuSign Envelope ID: 6FA30376-8241-43F8-92BC-ECFDB84F4E56

validity of any claim, any status, or any fact alleged in the Lawsuit, or any fault, wrongdoing, violation of law, or liability of any kind on the part of HSS and/or YCO, or any admission by HSS or YCO of any claim or allegation made in any action or proceeding against HSS or YCO.

HSS and YCO have denied, and continue to deny, each and all of the claims and allegations in the Lawsuit.  Neither this Settlement Agreement nor any document referred to herein, nor any action taken to carry out this Settlement Agreement and/or the Settlement, or HSS and/or YCO's willingness to enter into this Settlement Agreement, nor any or all negotiations, communications, and discussions associated with the Settlement are, or may be construed as, or may be used in any proceeding as, an admission by or against HSS or YCO of any fault, wrongdoing, or liability whatsoever, or any infirmity of any defense(s) asserted by HSS and/or YCO.

2.2    No Admission by HSS or YCO of Elements of Class Certification. HSS and YCO deny that a class should be certified other than for purposes of this Settlement, and both HSS and YCO reserve its rights to contest any class certification motion should this Settlement not be approved by the Court or upheld on appeal.  Separate and apart from the purposes of this Settlement Agreement, HSS and YCO deny that the Lawsuit could be certified as a class action under Federal Rule of Civil Procedure 23.  Nothing in this Settlement

DocuSign Envelope ID: 6FA30376-8241-43F8-92BC-ECFDB84F4E56

Agreement shall be construed as an admission by HSS or YCO that the Lawsuit or any similar case is amenable to class certification. Furthermore, nothing in this Settlement Agreement shall prevent HSS or YCO from opposing class certification or seeking de-certification of the certified Settlement Class if final approval of this Settlement is not obtained, or not upheld on appeal, including any review by the United States Court of Appeals for the Ninth Circuit or United States Supreme Court.

## III.  Preliminary Approval and Notice Approval

3.1    <u>Preliminary Approval Motion</u>. Class Counsel shall file this proposed Settlement Agreement with the Court together with a Motion for Preliminary Approval that seeks entry of an order that would, for settlement purposes only: (1) certify a Federal Rule of Civil Procedure 23(b)(3) class for purposes of settlement under Federal Rule of Civil Procedure 23(b)(3); (2) preliminarily approve this proposed Settlement Agreement; (3) find that the named Plaintiffs are adequate Class Representatives of the Federal Rule of Civil Procedure 23(b)(3) Settlement Class; (4) appoint Class Counsel; and (5) approve the Notice Plan and Notice.

3.2    <u>Notice Approval Motion</u>. Class Counsel shall provide to HSS's Counsel and YCO's Counsel the proposed Notice Plan and Notice for review by HSS's Counsel and YCO's Counsel prior to submission to the Court for approval.

DocuSign Envelope ID: 6FA30376-8241-43F8-92BC-ECFDB84F4E56

After the Parties agree to a Notice Plan and Notice, Class Counsel shall file with the Court a Motion for Preliminary Approval, seeking Court approval of the agreed upon Notice Plan and Notice.

3.3    CAFA Notice. HHS and YCO will each be responsible for timely compliance with all CAFA notice requirements.

**IV. Notice Plan**

4.1    <u>Preparation, Identification, and Production of List of Identified Class Members</u>.  HSS shall be responsible for reviewing its payroll records to identify the potential Class Members and providing a list of such Class Members, as well as each Class Member's last known contact information, to Class Counsel (the "Class List").  As of the date of this agreement, HSS has identified 83 potential Class Members.  All Parties to this Agreement shall work in good faith to identify Class Member contact information that can be used to provide notice of this settlement to Class Members.

4.2    <u>Class Counsel's Responsibility to Update Mailing Addresses for Class Members in Class List</u>.  If the Notice Plan includes a mailing, after receiving the Class List from HSS, Class Counsel (expenses to be paid/reimbursed from "Settlement Fund") will check and update the mailing addresses for the identified potential Class Members, using the U.S.P.S. National Change of Address database and other commercially-reasonable databases, which may include, without

limitation and by example only, data from Experian, Trans Union, or Equifax and/or any of their affiliates; data from LexisNexis or other comparable skip-trace data sources; and other, appropriate commercial or public sources. All Parties understand that updating might not be possible for international addresses.

4.3    Notice Process. For purposes of providing Court-approved Class Notices and establishing that the best practicable notice has been given, the provision of Class Notice will be accomplished in accordance with the Notice Plan approved by the Court, including as provided in this Section IV.  The Parties agree that the notice and administration process shall be robustly designed to maximize Class Member response. The Parties have worked together to identify email addresses, cell phone numbers, and physical addresses for each Class Member. The Parties have at least one of these three kinds of contact information for each Class Member.

4.4    Time Within Which Class Counsel Shall Distribute Notices Upon Preliminary Approval. Following the Court's Preliminary Approval of the Notice and associated opt-out form, and within 21 days thereof, Class Counsel shall cause the Notice of Class Action Settlement to be distributed using the contact information available to the Class Members. Emails and text messages to cell phones will include a link to a web address where the Notice is available to review and the exclusion form can be completed electronically. The Notice will be sent to

Class Members by U.S. Mail, postage prepaid or an equivalent method for international mailing.

4.5     <u>The Notice</u>. Notice shall take the form of the document attached as Exhibit 1 to this Agreement.

4.6     <u>Returned Mail</u>. For any mailing that is returned to Class Counsel with a forwarding address, Class Counsel shall re-mail Notice to that forwarding address. For all mail that is returned without a forwarding address, Class Counsel shall devise an appropriate means to obtain additional postal address information for such Class Members, and Class Counsel shall re-mail to all new addresses obtained.

4.7     <u>Proof of Mailing of Class Notice</u>. Not later than 21 days before the Fairness Hearing, Class Counsel shall cause proof of the mailing of Notice to the Class Members to be filed with the Court.  To the extent that the proof of mailing contains individual names, addresses, or other personal identifying information, the proof of mailing shall be filed under seal.

**V.  Procedures For Opt-Outs and Objections**

5.1     <u>Opt-Out Procedures for Federal Rule of Civil Procedure 23(b)(3) Settlement Class Members</u>.  The Notice shall contain information about how a Class Member may opt out of the Settlement, as well as an opt-out form.  A Class Member may request to be excluded from the Settlement Class by completing and

DocuSign Envelope ID: 6FA30376-8241-43F8-92BC-ECFDB84F4E56

sending the opt-out form provided with the Notice to Class Counsel.  To be valid, the opt-out form must be personally signed by the Class Member.  Complete opt-out request forms must be postmarked no later than fifteen (15) days before the Fairness Hearing.

5.2    <u>List of Opt-Outs</u>.  No later than five (5) business days after the deadline for submission of opt-out requests, Class Counsel shall provide HSS's Counsel and YCO's Counsel a complete list of all persons who have opted out of the Settlement, together with copies of the completed opt-out request forms.

5.3    <u>Right to Challenge</u>.  The Parties shall have the right to challenge the timeliness and validity of any opt-out request.  The Parties shall also have the right to effectuate the withdrawal of any opt-out request filed in error.  The Court shall determine whether any contested opt-out request is valid.  Upon agreement of the Parties, a present or former Class Member may withdraw an opt-out request and ask to be reinstated as a Class Member for the purpose of participating in the settlement.

5.4    <u>Representation of Opt-Outs</u>.  Class Counsel agree that it would be a conflict of interest for them to represent an opt-out in this action.

5.5    <u>Objections from Class Members</u>.  Any Class Member who has previously not opted out in accordance with the terms above may appear at the Fairness Hearing to argue that the proposed Settlement Agreement should not be

approved and/or to oppose the application of Class Counsel for common fund attorney fees award and class representative service fee award.

5.6     Time for Submission of Written Objections.  All objections must comply with Rule 23(e)(5) and must be in writing, contain the objector's name, address, telephone number, the specific grounds for the objection, whether the objector is represented by counsel, and state whether the objector or his/her attorney will appear at the Fairness Hearing.  At least ten (10) days before the Fairness Hearing, all objections to the proposed settlement must be filed with the Court by Class Counsel.  To the extent necessary, or desired, the Parties may respond to any properly filed objection.

## VI.  Fairness Hearing and Final Approval

6.1     Fairness Hearing. In accordance with the Notice Plan approved by the Court, the Parties shall jointly request that the Court hold the Fairness Hearing to consider approval of the Settlement Agreement.  At least (21) days before the Fairness Hearing, Class Counsel shall file a Motion for Entry of the Final Approval Order. The Parties agree that, upon entry, the Final Approval Order constitutes a final judgment dismissing the Lawsuit with prejudice.

6.2     Final Approval.  All relief contemplated by this Settlement Agreement is expressly contingent upon the Court: (1) certifying the Class under Federal Rule of Civil Procedure 23(b)(3) for the sole purpose of settlement; (2)

approving the Parties' Settlement, subject to the Court's discretionary decisions;

and (3) dismissing with prejudice all claims asserted against HSS and YCO in this

Action.  The Parties and their counsel acknowledge that, under § 1715(d) of

CAFA, the Court may not issue an order granting final approval of the Settlement

earlier than ninety days after the last service of CAFA notice on appropriate

officials.

   6.3   <u>Court's Discretion Regarding Deadlines</u>. Any deadlines in this

Agreement, including for the Parties, Class Members, Opt-Outs, or Objectors, are

subject to change in the discretion of the Court. Any modifications made to these

deadlines by the Court shall not affect the enforceability or validity of this

Agreement.

**VII.  The Settlement Fund and Other Affirmative Relief to Class**
**Members**

   7.1   <u>Creation of Settlement Fund</u>.  Class Counsel shall establish as the

Settlement Fund an escrow account or equivalent account at a federally-insured

financial institution ("the Financial Institution"), which shall be considered a

common fund created as a result of the Lawsuit.  Class Counsel shall promptly

notify HSS's Counsel and YCO's Counsel of the date of the establishment of the

Settlement Fund account.  HSS and YCO shall fund the Settlement Fund account

within 7 days of the Effective Date. Distributions from this Settlement Fund shall

DocuSign Envelope ID: 6FA30376-8241-43F8-92BC-ECFDB84F4E56

be made only in accordance with this Settlement Agreement, as approved by the

Court.  . The Settlement Fund may not be commingled with any other funds and

must be held in cash, cash equivalents, certificates of deposit, or instruments

insured by an arm of or backed by the full faith and credit of the United States

Government.  Interest earned, if any, on the Settlement Fund shall be for the

benefit of the Class Members.  The Settlement Fund will only be used to make

distributions to the Class Members, subject to being reduced by Attorneys' Fees,

service fee awards, Administrative Costs, and any other costs permitted by this

Settlement Agreement or the Court.

      7.2   <u>Service Fee Award</u>.  As part of the Motion for Final Approval, Class

Counsel shall file an application to the Court for a reasonable service fee award to

be paid to Class Representatives.  HSS and YCO shall not oppose such a request.

Any service award shall be paid directly from the Settlement Fund to Class

Representatives at the same time as payments to Class Members

      7.3   <u>Attorneys' Fees</u>.  More than 21 days before the Fairness Hearing,

Class Counsel shall file an application to the Court for a reasonable award of

Attorneys' Fees.  Class Counsel's application shall be noticed to be heard at the

Fairness Hearing.  All Attorneys' Fees shall be paid directly from the Settlement

Fund, in the amount approved by the Court, within five (5) days of the latter of:

(1) the Court approving Class Counsel's application for an award of Attorney's

DocuSign Envelope ID: 6FA30376-8241-43F8-92BC-ECFDB84F4E56

Fees; or (2) HSS and YCO funding the Settlement Fund account, pursuant to Subsection 7.1.

7.4     <u>Class Administrator.</u>  Class Counsel shall request the appointment of a Class Administrator with their Preliminary Approval Motion. HSS and YCO shall not oppose such a request.

7.5     <u>Settlement Not Conditioned on Court's Approval of Class Counsel's Requests for Attorneys' Fees, Service Fee Award, or Appointment of Class Administrator</u>.  The failure of the Court to approve the full amount of Class Counsel's request for attorneys' fees, the failure of the Court to approve the amount requested for the Class Representative's service fee award, and/or the failure of the Court to appoint a class administrator shall in no way affect the validity or enforcement of this Settlement Agreement.

7.6     <u>Costs of Class Notice and Administration</u>. Class Counsel and/or the Class Administrator shall account using invoices for the reasonable costs of class notice and administration. Such accounting shall include costs of mailing and compiling/updating the Class List.  All reasonable costs of Class Notice and Administration shall be paid by Class Counsel and/or the Class Administrator, with those expenses to be paid/reimbursed from the Settlement Fund.  Any disputes relating to the actual payment of class notice and administration costs shall be brought to the attention of the Court for resolution.

19

7.7    <u>Payments to Class Members</u>.  All payments to Class Members shall be paid from the Settlement Fund. The Class Members are entitled to payment from the Settlement Fund pursuant to the process set forth in Subsection 7.9.

7.8    <u>Distribution of Net Class Settlement Funds</u>:  The balance of the Net Class Settlement Funds will be distributed to the Class Members in the following manner

> Estimated underpayments including hourly wage differential and service charges, if any, per HSS and YCO's records as verified by Class Counsel, less any employer tax liability which shall be paid out of the Settlement Fund. This distribution shall be considered a W2 wage payment.  Any required tax payments for HSS and YCO shall be paid from the Settlement Fund.

> Equal distribution of remaining amount among Class Members. This distribution shall be considered a 1099 non-wage payment.

> If economically feasible, any Net Class Settlement Funds remaining after disbursements to all Class Members will be redistributed equally to those Class Members that negotiated their settlement payments within 90 days of their issuance as 1099 non-wage payments.  If it is not economically feasible to redistribute excess funds to Class Members, then any remaining funds will be distributed to a *cy pres*

DocuSign Envelope ID: 6FA30376-8241-43F8-92BC-ECFDB84F4E56

beneficiary, pursuant to Subsection 7.11.

7.10   <u>General Use and Disbursement of Settlement Fund</u>. The Settlement

Fund shall be used only in the manner and for the purpose provided for in this

Settlement Agreement, subject to the approval of the Court and the Court's

continuing jurisdiction over the execution of the terms of this Settlement

Agreement.  No portion of the Settlement Fund shall be disbursed except as

expressly provided for herein.

7.11   <u>*Cy Pres*</u>. Any excess funds remaining in the Settlement Fund after all

distributions have been made in accordance with this Settlement Agreement to the

Class Members shall be donated to the following *cy pres* organization: The

Montana Racial Equity Project.

7.12   <u>Neutral Letter of Reference</u>.  Upon written request from individual

class members, HSS and YCO will provide individual Class Members with a

neutral job reference.

## VIII.  Release of Claims

8.1   <u>Releases; Binding and Exclusive Nature of Settlement Agreement</u>.

a.   The Parties agree that the Final Order and Judgment shall provide

that all claims asserted against HSS and/or YCO in the Action are dismissed with

prejudice as to the Class Representatives and all Class Members who did not

execute a valid and timely opt-out pursuant to Section V.

DocuSign Envelope ID: 6FA30376-8241-43F8-92BC-ECFDB84F4E56

b.    Upon the Effective Date, the Parties, and each and every Class Member who did not properly opt-out pursuant to Section V, shall be bound by this Settlement Agreement and shall have recourse only to the benefits, rights, and remedies provided hereunder.  No other action, demand, suit, arbitration or other claim may be pursued against HSS or YCO with respect to the released claims.

c.    Upon the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement the Parties agree to the releases below ("Released Rights"). This Release shall be included as part of any judgment, so that all Released Rights shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion.

1.  <u>Class Representatives' General Release and Waiver of Claims.</u> Class Representatives will be deemed to have completely released and forever discharged HSS and YCO  from any and all past, present and future claims of any and every kind, including without limitation: (a) those known or unknown or capable of being known; (b) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time; and (c) those accrued, unaccrued, matured or not matured, including, but not limited to, any right to be hired in the future by HSS or YCO.

2. <u>HHS and YCO's Release and Waiver of Claims Against Class
Representatives</u>.  HSS and YCO will be deemed to have completely
released and forever discharged Class Representatives from any and
all past, present and future claims that could have been asserted in
this Action,  including without limitation: (a) those known or
unknown or capable of being known; (b) those which are unknown
but might be discovered or discoverable based upon facts other than
or different from those facts known or believed at this time; and (c)
those accrued, unaccrued, matured or not matured.

3. <u>Class Members' Waiver and Release of Claims</u>.  Class Members
will be deemed to have released and forever discharged HSS and
YCO from all claims that were brought in the operative complaint
and all claims  based on the identical factual predicate as that
underlying the claims in this Action.

4. <u>Mutual General Release and Waiver Between HSS and YCO</u>.  For
and in consideration of the sum of $1.00, which each will be deemed
to have paid to the other, HSS and YCO will be deemed to have
forever discharged each other from any and all past, present and
future claims of any and every kind that could have been asserted in
this Action, including without limitation: (a) those known or

unknown or capable of being known: (b) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time: and (c) those accrued, unaccrued, matured or not matured.

5.  <u>Class Counsel's Release and Waiver</u>.  Upon the Effective Date, and in consideration of the promises and covenants set forth in this Settlement Agreement, the undersigned Class Counsel, for themselves, and each of his, her, or their owners, predecessors, successors, partners, shareholders, agents (alleged or actual), experts, representatives, employees, and affiliates ("Attorney Releasors"), unconditionally and irrevocably remise, waive, satisfy, release, acquit, and forever discharge HSS and YCO from any and all right, lien, title, or interest in any attorney's fee or award or any claim for reimbursement of costs in connection with the Action or the Released Rights.

8.2  <u>Waiver of Unknown Claims and Assumption of Risk</u>.

a.  Class Representatives and each of the Releasing Parties acknowledges that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the released claims, but each of those persons expressly agree that, upon

24

entry of the Final Approval Order and Judgment contemplated by this Settlement

Agreement, he or she shall have waived and fully, finally, and forever released

any known or unknown, suspected or unsuspected, asserted or unasserted,

contingent or non-contingent claim with respect to the released claims pursuant to

Paragraph 8.1 above, whether or not concealed or hidden, without regard to

subsequent discovery or existence of such different or additional facts.

b.      In entering into this Settlement Agreement, each of the Parties

assumes the risk of any unknown or mistake of fact or law.  If any Party should

later discover any new fact which might have been material to its decision to enter

into this Agreement, or if any Party discovers that any fact upon which the Party

relied in entering into this Settlement Agreement is not true, or that the Party's

understanding of the facts or law was incorrect, the Party shall not be entitled to

modify, reform, or set aside this Settlement Agreement, in whole or in part, by

reason thereof.

8.3     <u>No Additional Claims</u>.  Class Representatives, Class Counsel, and

Class Members represent that no additional claims are contemplated against any

other party potentially liable for the losses, damages, and claims for which the

releases contained in this Settlement Agreement are given.  In the event any

additional claim is made by Class Representatives, Class Counsel, or Class

Members which directly or indirectly results in additional liability exposure to

HSS or YCO for the losses, injuries, and damages for which the releases contained in this Settlement Agreement are given, the party making such claim covenants and agrees to indemnify and save the other parties harmless from all such claims and demands, including reasonable attorneys' fees and all other expenses necessarily incurred.

8.4     Medicare Release.

(a)   This Settlement Agreement is based upon a good faith resolution of a disputed claim.  The Parties have not shifted responsibility for medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b).  The Parties made every effort to adequately protect Medicare's interest and incorporate such into this Agreement and Release, and to comply with both federal and state law.  The Parties acknowledge and understand that any present or future action or decision by the Centers for Medicare & Medicaid Services or Medicare on this Settlement Agreement, or Class Members' eligibility or entitlement to Medicare or Medicare payments, will not render this Settlement Agreement void or ineffective.

(b)   Class Representatives and Class Members warrant that they are not Medicare beneficiaries as of the date of this Settlement Agreement.  Because Class Representatives and Class Members are not Medicare recipients as of the date of this Agreement and Release, no conditional payments have been made by Medicare.

(c)   Class Representatives and Class Members represent and agree that they will indemnify, defend, and hold YCO and HSS harmless from any and all claims, liens, Medicare conditional payments, and rights to payment, known or unknown. If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages (including multiple damages) from YCO relating to Class Representatives and Class Members' alleged injuries, claims, or lawsuit, Class Representatives and Class Members will defend and indemnify YCO and HSS, and hold YCO and HSS harmless from any and all such damages (including multiple damages), claims, liens, Medicare conditional payments, and rights to payment, including any attorneys' fees sought by such entities.

(d)   The Parties acknowledge and understand that any present or future action or decision by the Centers for Medicare and Medicaid Services or Medicare on this Settlement Agreement, or Class Representatives and Class Members' eligibility or entitlement to Medicare or Medicare payments, will not render this Settlement Agreement void or ineffective, or in any way affect the finality of this Settlement Agreement.

(e)   Class Representative and Class Members agree to waive any and all private causes of action for damages pursuant to 42 U.S.C. §§ 1395y(b)(3)(A), et seq.

27

DocuSign Envelope ID: 6FA30376-8241-43F8-92BC-ECFDB84F4E56

## IX.  Parties' Right to Terminate or Withdraw from Agreement

9.1    <u>HSS's and YCO's Right to Withdraw or Terminate Settlement
Agreement</u>.  HSS and/or YCO shall have the right to terminate and/or withdraw
from this Settlement Agreement if: (1) the Court fails or declines to enter the
Preliminary Approval Order and the Parties are unable to address the Court's
grounds for not granting preliminary approval amongst themselves or with the
assistance of the Court; or (2) the Court fails or declines to grant final approval of
the Settlement and the Parties are unable to address the Court's grounds for not
granting final approval amongst themselves or with the assistance of the Court.  If
HSS or YCO elects to exercise this right, it shall do so by giving written notice to
the Court and to Class Counsel within 7 days of the event giving rise to HSS's or
YCO's right to terminate and/or withdraw from this Settlement Agreement.

9.2    <u>Class Representatives' Right to Withdraw or Terminate Settlement
Agreement</u>.  Class Representatives shall have the right to terminate and/or
withdraw from this Settlement Agreement if: (1) the Court fails or declines to
enter the Preliminary Approval Order and the Parties are unable to address the
Court's grounds for not granting preliminary approval amongst themselves or with
the assistance of the Court; or (2) the Court fails or declines to grant final approval
of the Settlement  and the Parties are unable to address the Court's grounds for not
granting final approval amongst themselves or with the assistance of the Court.  If

28

DocuSign Envelope ID: 6FA30376-8241-43F8-92BC-ECFDB84F4E56

Class Representatives elect to exercise this right, they shall do so by giving written notice to the Court, HSS's Counsel, and YCO's Counsel within 7 days of the event giving rise to Class Representatives' right to terminate and/or withdraw from this Agreement.

9.3     <u>HSS and YCO's Right to Withdraw or Terminate</u>.  Class Counsel will recommend and endorse the settlement to the Class Representatives and Class Members. If, however, more than ten-percent (10%) of the Class Members do not agree to participate in the Settlement, then HSS and YCO may in their sole discretion withdraw from and terminate this Agreement. HSS and YCO will have five (5) business days to give notice to Class Counsel of their intent to withdraw and rescind after Class Counsel provides HSS and YCO's Counsel notice of all Class Members that have completed and timely returned an opt-out form.  a

## X. Miscellaneous Provisions

10.1     <u>Best Efforts</u>.  The Parties and their respective counsel shall cooperate together and use their best efforts to cause the Court to enter the Preliminary Approval Order promptly, to take all steps contemplated by this Settlement Agreement to effectuate the settlement on the terms and conditions stated herein, and to obtain entry of the Final Order and Judgment.

10.2     <u>No Construction Against Drafter</u>.  This Settlement Agreement has been negotiated at arm's length between Class Counsel, HSS's Counsel, and

DocuSign Envelope ID: 6FA30376-8241-43F8-92BC-ECFDB84F4E56

YCO's Counsel. In the event of any dispute arising out of this Settlement

Agreement, or in any proceeding to enforce any of the terms of this Settlement

Agreement, no Party shall be deemed to be the drafter of this Settlement

Agreement or of any particular provision or provisions, and no part of this

Settlement Agreement shall be construed against any Party on that basis. The

Parties further acknowledge that the obligations and releases herein described are

in good faith and are reasonable in the context of the matters released.

  10.3 <u>Change of Time Periods</u>. The time periods and/or dates described in

this Settlement Agreement with respect to the giving of notices and hearings are

subject to approval and change by the Court or by the written agreement of the

Parties.

  10.4 <u>Governing Law</u>.  This Settlement Agreement shall be governed by

the laws of the State of Montana.

  10.5 <u>Entire Agreement</u>.  The terms and conditions set forth in this

Settlement Agreement, including the exhibits attached hereto and incorporated by

reference herein, constitute the complete and exclusive statement of the agreement

between the Parties relating to the subject matter of this Settlement Agreement,

superseding all previous negotiations and understandings, and may not be

contradicted by evidence of any prior or contemporaneous agreement.  The Parties

further intend that this Settlement Agreement constitutes the complete and

exclusive statement of its terms as between the Parties and that no extrinsic evidence whatsoever may be introduced in any judicial proceeding, if any, involving this Settlement Agreement.  Any modification of the Settlement Agreement must be in writing signed by Class Counsel, HSS's Counsel, and YCO's Counsel.

     10.6   <u>Advice of Counsel</u>. Each party to this Settlement Agreement warrants that he, she, or it is acting upon his, her, or its independent judgment and upon the advice of his, her, or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Settlement Agreement.  The parties acknowledge, agree, and specifically warrant to each other that they have read this Settlement Agreement, have received legal advice with respect to the advisability of entering into this Settlement, and fully understand its legal effect.

     10.7   <u>Binding Agreement</u>.  This Settlement Agreement shall be binding upon and inure to the benefit of the respective heirs, successors, and assigns of the Parties.

     10.8   <u>No Waiver</u>.  The waiver by a Party of any provision or breach of this Settlement Agreement shall not be deemed a waiver of any other provision or breach of this Settlement Agreement.

DocuSign Envelope ID: 6FA30376-8241-43F8-92BC-ECFDB84F4E56

10.9   <u>No Collateral Attack</u>.  This Settlement Agreement shall not be subject to collateral attack by any Class Members or their representatives any time on or after the Effective Date.  Such prohibited collateral attacks shall include, but shall not be limited to, claims that a Class Member's claim should have been heard or decided by another court or in another suit, that a Class Member's claim was improperly denied, that the payment to a Class Member was improperly calculated, and/or that a Class Member failed to receive timely notice of the Settlement.

10.10   <u>No Tax Withholding or Advice</u>.  Class Representatives, Class Counsel, and Class Members agree they shall be solely responsible for reporting and paying any federal, state, and/or local income or other tax on any of the benefits conveyed to Class Members pursuant to this Settlement Agreement.  Class Representatives, Class Counsel, and Class Members further agree that any employer tax liability resulting from settlement payments to Class Members, including HSS's employer portions of FICA and FUTA, will be paid by Class Counsel and/or the Class Administrator from the Settlement Fund.  Class Representatives, Class Counsel, and Class Members agree that HSS and YCO and their respective counsel makes no representations, and have made no representations, as to the taxability of the relief to Class Representatives, the other Class Members, and Class Counsel.  Class Representatives, Class Counsel, and

DocuSign Envelope ID: 6FA30376-8241-43F8-92BC-ECFDB84F4E56

Class Members shall bear the sole responsibility for any and all of Class

Members' tax consequences related to this Agreement, and shall fully indemnify

HSS, HSS's Counsel, YCO, and YCO's Counsel, which includes, but is not

limited to, payment of tax liability, attorneys' fees, penalties, costs, fees, etc., for

any tax liability, penalties, attorney fees, costs, fees, etc. attributable to HSS,

HSS's Counsel, YCO, or YCO's Counsel that arise from or out of the this

Settlement Agreement.

10.11   <u>Execution in Counterparts</u>.  This Settlement Agreement shall, subject

to the approval procedures contained herein, become effective upon its execution

by the Parties through their undersigned counsel, who have authority to execute

this Settlement Agreement on behalf of their respective clients.  This Settlement

Agreement may be executed by facsimile signature and in counterparts, and

execution of counterparts shall have the same force and effect as if the Parties had

signed the same instrument.

10.12 <u>Enforcement of this Settlement Agreement</u>.  The Court shall retain

jurisdiction over the interpretation, effectuation, and implementation of this

Settlement Agreement, and shall have authority to resolve any disputes concerning

construction, implementation, or enforcement of this Settlement Agreement.  The

Parties agree this Settlement Agreement shall be admissible in any civil action to

compel compliance with this Settlement Agreement.

10.13 <u>Attorneys' Fees</u>.  In the event any Party files a lawsuit or other civil action to enforce any provision of this Settlement Agreement, or to the extent any such lawsuit otherwise arises out of or relates to this Settlement Agreement, the prevailing party or parties in any such dispute shall be entitled to recover from the non-prevailing party or non-prevailing parties all reasonable attorneys' fees, costs, and expenses incurred, specifically including and without limitation all reasonable attorneys' fees incurred by the prevailing party on appeal.

Agreement Not to Publicize. The Parties agree that neither Class Representatives, Class Members, Class Counsel, HSS, YCO, or their respective counsel shall publicize the terms set forth in this Agreement.  Class Counsel shall not reference YCO or HSS in advertising or other promotional materials, including any press conferences If asked about the claims or lawsuit by a member of the public, a party may respond "The claim was resolved," "No comment," or words to that effect.

10.15 <u>Non-Disparagement</u>.  After the Parties execute this Settlement Agreement, Class Representatives, and Class Counsel will not knowingly say or do anything which will disparage, harm the reputation, character or diminish the goodwill and business reputation of: (1) HSS and/or HSS's employees, officers, Board members, parent or subsidiary companies, or agents; or (2) YCO and/or YCO's employees, officers, Board members, parent or subsidiary companies, or

34

DocuSign Envelope ID: 6FA30376-8241-43F8-92BC-ECFDB84F4E56

agents.  Likewise, after the Parties execute this Settlement Agreement, HSS, HSS's Counsel, YCO, and YCO's Counsel will not knowingly say or do anything which will disparage, harm the reputation, character or diminish the goodwill and business reputation of Class Representatives, Class Members, or Class Counsel.

10.16 <u>Headings</u>.  The headings contained in this Settlement Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Settlement Agreement.

10.17 <u>Authorization</u>.  The undersigned individuals represent they have the requisite authority to enter into this Settlement Agreement and thereby bind the party for whom they are signing.

IN WITNESS WHEREOF the undersigned, being duly authorized by the Parties, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on the date it is executed by Class Counsel, HSS's Counsel, and YCO's Counsel, subject to the approval procedures contained herein.

Dated: August _8/27/2020_____, 2020

_____
Nicholas Douglas
*Class Representative*

Dated: August _8/27/2020_____, 2020

_____
Tasheka Bryan
*Class Representative*

Dated: August _8/27/2020_____, 2020

_____
Junior Harris
*Class Representative*

Dated: August _8/27/2020_____, 2020

_____
Marcus Richards
*Class Representative*

Dated: August _8/27/2020_____, 2020

_____
Stephaney Smith
*Class Representative*

36

Dated: August 8/27/2020 ____, 2020

*Christopher C. Young*

Christopher C. Young
Young Law Office PLLC
P.O. Box 10247
Bozeman, Montana 59719
Tel.:  406.587.2070
cyoung@younglawofficepllc.com
*Class Counsel*


Dated: August 8/28/2020 ____, 2020

*David Seligman*

David Seligman
Towards Justice
1410 High, St., Suite 300
Denver, CO 80218
Tel.:  720.248.8426
david@towardsjustice.org
*Class Counsel*


Dated: August 8/27/2020 ____, 2020

*Mary Jo Lowrey*

Mary Jo Lowrey
Lowrey Parady Lebsack, LLC
1490 Lafayette St., Suite 304
Denver, CO 80218
Tel.:  303.593.2595
maryjo@lowrey-parady.com
*Class Counsel*

Dated:   January 8, 2021

_____

Hospitality Staffing Solutions LLC

By: _TIMOTHY McPherson_

Its: _PRESIDENT_

Dated:  January 8, 2021

_____

Roger G. Trim
Lauren H. Zeldin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2000 S. Colorado Blvd.
Tower 3, Suite 900
Denver, CO 80222
Telephone: 303.764.6800
roger.trim@ogletree.com
*Attorneys for Hospitality Staffing Solutions LLC*

38

Dated: August ____, 2020

Yellowstone Club Operations, LLC

By: _Michael Meldman_____

Its: _Authorized Representative_____

Dated: August 17th, 2020

Jeffrey M. Roth
John M. Semmens (Helena office)
CROWLEY FLECK PLLP
305 S. 4th Street E., Suite 100
Missoula, MT  59801
Telephone: (406) 523-3600
jroth@crowleyfleck.com
jsemmens@crowleyfleck.com
*Attorneys for Yellowstone Club Operations, LLC*