IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| NICHOLAS DOUGLAS; TASHEKA BRYAN; JUNIOR HARRIS; MARCUS RICHARDS; STEPHANEY SMITH; and those similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>YELLOWSTONE CLUB OPERATIONS, LLC; and HOSPITALITY STAFFING SOLUTIONS, LLC,<br><br>　　　　　　　　　Defendants. | No. CV 18-62-BU-SEH<br><br>**ORDER** |

Pending before the Court is Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement Pursuant to Fed. R. Civ. P. 23(e) and for an Award of Attorney's Fees and Expenses From the Settlement Fund[1] with brief in support.[2]

On December 30, 2020, the Court conditionally certified the class and issued notice to class members satisfying Federal Rule of Civil Procedure

---

[1] Doc. 89.

[2] Doc. 90.

23(e)(1).[3] Rule 23(e)(2) requires:

> **(2) *Approval of the Proposal.*** If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:
>
>> **(A)** the class representatives and class counsel have adequately represented the class;
>>
>> **(B)** the proposal was negotiated at arm's length;
>>
>> **(C)** the relief provided for the class is adequate, taking into account:
>>
>>> **(i)** the costs, risks, and delay of trial and appeal;
>>>
>>> **(ii)** the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>>
>>> **(iii)** the terms of any proposed award of attorney's fees, including timing of payment; and
>>>
>>> **(iv)** any agreement required to be identified under Rule 23(e)(3); and

---

[3] *See* Doc. 88 at 3-5.

    **(D)** the proposal treats class members equitably relative to each other.[4]

Upon the record made in open court on April 22, 2021, the Court finds the requirements of Federal Rule of Civil Procedure 23(e)(2) have been satisfied.

ORDERED:

Plaintiff's motion for final approval[5] is GRANTED, subject to:

1.  Final review of the record by the Court;

2.  The Court's final approval of the terms and conditions for the settlement and the distribution of payments to all interested parties;

3.  The clerk, upon such further notice as may be ordered, may close the case upon receipt of confirmation that all payments to interested parties have been satisfied and discharged including class members, administrator of settlement proceeds distribution, counsel, and all designated taxing authorities and agencies.

DATED this 22nd day of April, 2021.

           *Sam E. Haddon*
           SAM E. HADDON
           United States District Court

---

[4] Fed. R. Civ. P. 23(e)(2).

[5] Doc. 89.